ELIZA C. HESLOP

*v.*

ZACHARIAH W. GATTON, Executor.

1. WILLS—*pecuniary legacies must be paid from the personal property of testator.* Where a person dies leaving a will, and personal and real property, his debts and pecuniary legacies bequeathed by the will are to be paid from his personal property; and in case of a deficiency of personal property, the legacies must abate, unless he charges his real estate with their payment.

2. SAME—*legacies may be made a charge upon real estate in express terms or by implication.* Legacies may be made, by the testator, a charge upon his real estate, either by express directions to that effect contained in the will, or the intention thus to charge it may be implied from the whole will, taken together.

3. SAME—*rule of construction.* Generally, a will is not to be construed by anything *dehors*, where there is no latent ambiguity, and parol evidence is not admissible to show the intention of the testator against the construction on the face of the will, and the state of his property can not be resorted to, to explain the intention.

APPEAL from the Circuit Court of Cass county; the Hon. CHARLES TURNER, Judge, presiding.

Mr. CASSIUS G. WHITNEY, for the appellant.

Mr. G. POLLARD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Helen Clendenin, on the 9th day of May, 1872, died testate as to her personal property only, in Cass county, in this State, seized of certain real estate there situate, and by her will

bequeathed a legacy of $1000 to her sister, Catharine P. Schooley.

This bill in equity was filed by appellee, the executor named in the will, for a construction of the will, and to subject said real estate to the payment of the remainder of the legacy, ($200 having been paid thereon,) upon the allegation that the personal estate was insufficient to discharge the same. The court below overruled a demurrer to the bill, and decreed a sale of the real estate for the payment of the legacy. Eliza C. Heslop, one of the two heirs-at-law, appealed to this court.

The question presented by the record is, whether the real estate should be subject to the payment of this general legacy to Mrs. Schooley.

The will, which is made part of the bill, and bears date August 29, 1870, first expresses the desire, that after all the funeral expenses and the lawful debts of the testatrix shall have been paid, the following disposition of her property should be made :

The first clause gives to each of her two daughters, one of whom is the appellant, the sum of $1.

The second clause bequeaths to the sister of the testatrix, Catharine P. Schooley, the sum of $1000, to be managed for her, during her life, by the executor.

The third clause gives to Helen C. Buracker, the granddaughter of the testatrix, all her silverware, household furniture, and all else of personal property she might own at the time of her death, not otherwise devised by the will, excepting her horse, buggy and harness.

These are all the bequests of the will, and it contains no devise of real estate whatever. There is nothing besides the foregoing in the will, to manifest any intention to charge the real estate with the payment of the legacy.

Our Statute of Wills, sec. 42, provides, that "all such estate, both real and personal, as is not devised or bequeathed in the last will and testament of any person, shall be distributed in the same manner as the estate of an intestate."

34—71st ILL.

It seems to be the settled rule, that when a person dies, leaving a will, and personal and real property, his debts and pecuniary legacies bequeathed by the will are to be paid from his personal property; and in case of a deficiency of personal property, the legacies must abate, unless he charges his real estate with their payment. The charge upon the real estate may be made by the testator, either by express directions to that effect contained in the will, or the intention thus to charge it may be implied from the whole will, taken together. *Reynolds* v. *Reynolds*, 16 N. Y. 257; *Harris* v. *Fly*, 7 Paige, 421; *Lupton* v. *Lupton*, 2 Johns. Ch. 614; 2 Redfield on Wills, 208; *Stevens* v. *Gregg*, 10 Gill & Johns. 143; *Warren* v. *Davis*, 2 Mylne & Keene, 49.

The intention of the testatrix to charge her real estate with the payment of this legacy, is not expressly declared by the will, nor is there anything in the language of the will from which such an intention can be fairly and satisfactorily inferred.

It is argued, that the testatrix did not intend that her real estate should go to her children, as she cut them off with a nominal legacy of $1 each. But that was only as regarded the personal estate. The contrary intention, rather, is manifested, by the omission to make any devise of the real estate, thus leaving it to go to her children, as it would do, according to the law of descent, in the absence of a devise of it.

It is insisted, it was the intention of the testatrix that the legacy to Mrs. Schooley should be paid out of the proceeds of the real estate, as she knew that unless it was so paid it must fail; and the bill sets out the state of the property of the testatrix, as affording evidence of such intention. The bill sets out, that all the real estate she owned at the time of the execution of the will and of her death, were three town lots, of the value of about $1000; that at the time of the execution of the will, the testatrix owned no other personal property than the specific items thereof mentioned in the third clause of the will, and about $300 in money; that her

only income was derived from an interest in a life estate, determinable on her death, amounting to about $800 annually, which was covered by her annual expenses of living; that it was her intention to convert said real estate into money, and for that purpose, on the 10th day of October, 1870, she gave to the appellee, the executor, a power of attorney to sell the said lots, and convert the same into cash or notes—which power of attorney was never revoked, and remained unexecuted only because of inability to make a sale.

Without adverting to the force of such circumstances as evidence to show the intention to charge the real estate with the payment of the legacy, in case they were admissible for such purpose. we are clearly of opinion that such extrinsic evidence can not be resorted to, to show what the testatrix intended, under the rules of evidence applicable to the construction of wills.   Generally, a will is not to be construed by anything *dehors.* where there is ,no latent ambiguity, and parol evidence is not admissible to show the intention of the testator against the construction on the face of the will, and the state of his property can not be resorted to, to explain the intention.   *Tole* v. *Hardy,* 6 Cow. 333 ; and see *Kurtz et al.* v. *Hibner et al.* 55 Ill. 514.

BOWEN, Justice, in delivering the opinion of the court in *Reynolds* v. *Reynolds, supra,* remarks : "I find no case subjecting the real estate of a testator to the payment of legacies, unless an intention to that effect was expressed in, or fairly to be inferred from, the terms of the will."

In the absence, as we find, of any intention to that effect, expressed in or fairly to be inferred from the terms of the will, the legacy can not be charged upon the real estate of the testatrix, and it must abate to the extent that the personalty has failed.

We are of the opinion that the demurrer to the bill was well taken, and that the court below erred in overruling the demurrer, and decreeing the sale of the real estate for the purpose of satisfying the legacy.

The decree is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*