## PHILIP C. REED

*v.*

## HANNAH V. COLBY, Guardian.

1. LIMITATIONS—*claims against estates.* A creditor of an estate will be considered as waiving his lien upon real estate descended to heirs, if he does not pursue his remedy within a reasonable time after the grant of letters of administration; and the period of seven years from the death of the debtor has, by analogy, been adopted as a bar to such liens, unless the delay is properly explained.

2. PURCHASER AT GUARDIAN'S SALE—*resisting payment of purchase money.* Where claims were filed against an estate, but never allowed, and the guardian of the minor heirs of the intestate, under a decree of court, sold the real estate left by the deceased, some fourteen years after his death, agreeing to warrant the title to the property against her homestead right and that of the heirs and the claims of such creditors, and taking notes for a portion of the purchase money, and the purchaser had not been disturbed in his possession, it was *held,* that he could not resist payment of the notes on account of the claims so filed and never adjusted.

APPEAL from the Circuit Court of Bond county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a suit upon a promissory note, given by the defendant, Philip C. Reed, to the plaintiff, Hannah V. Colby, guardian of William A. and Henry P. Colby, for the sum of $909, bearing date December 30, 1875, and payable nine months after date, with ten per cent interest after maturity.

The cause was tried by the court below without a jury, and without any formal pleading, under the agreement that any lawful defense might be made as though the proper pleas were

filed and issue joined. The note was introduced in evidence, with the admission that it was executed in part payment for the town lot at the sale, as hereafter stated, and that there was no other consideration. There was then given in evidence the following agreed statement of facts:

"William M. Colby died May 23, 1863, leaving Hannah V. Colby, his widow, and William A. and Henry P. Colby, his only children, who were minors. He did not leave as much personal property as the law allowed the widow, and he left lot 62, in the town of Greenville, Bond county, in this State, which was occupied as a homestead. April 28, 1859, Runyan Hillman & Bros. recovered a judgment against the deceased in the circuit court of Bond county, upon which execution was issued within a year. August 25, 1863, the widow made affidavit of the death of the deceased, filed a bond, and took the oath of administratrix. April 29, 1864, James M. Miller filed a note, signed by the deceased, in the county court, against the estate. December 11, 1875, Charles Hoils filed a note as above stated. December 31, 1875, two notes were filed as above stated. None of these have been allowed or adjudicated upon.

"There is no record of any proceeding, and nothing has been done other than as above stated. The administratrix filed no appraisement bill or sale bill or inventory, and did nothing else, from the fact she thought it unnecessary, as deceased did not leave as much personal property and money as the law then allowed her and her children, and all the real estate he left was the homestead as above stated, which was then worth $800 to $1000. December 30, 1875, the lot above mentioned was sold at public sale, by virtue of an order of the county court, on the application of the widow as guardian of the children, she being present at the sale, and agreeing to warrant the title by releasing her dower and homestead, and standing between the purchaser and the above named judgment and the claims. The property brought $2020 at the sale, on the terms

of ten per cent cash, and the balance on a credit of nine and eighteen months, without interest.

"Question: Is the above judgment or either of the above claims an incumbrance or lien on said lot, or will or can they, or either of them, ever be in the future? The widow is still living, and the children are still under 21 years of age, and the property was still a homestead at the time of the sale."

The above are substantially all the facts. The plaintiff below recovered the full amount of the note, and the defendant appealed.

Mr. P. C. REED, for the appellant.

Mr. D. KINGSBURY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The facts stated clearly present no defense to the note. Allowing the full effect to such an agreement as here upon a guardian's sale, it is evidently, upon the presentation here made, but an agreement of indemnity against the judgment and claims mentioned. It is admitted in the argument of both appellant and appellee that the judgment has been paid, so that no further notice need be taken of that. There has, as yet, been no disturbance of title or of the possession of the lot by reason of the claims mentioned, nor is it apparent that there ever will be, or that appellant, the purchaser of the lot at the sale, will ever suffer any detriment or inconvenience from the claims. They have only been filed, and have never been allowed as claims against the estate. William M. Colby died May 23, 1863—the present suit was commenced in February, 1877, and the trial had at the March term, 1877, nearly 14 years after the death, and even were it the fact that the claims in question are valid claims against the estate, the presumption would be that the creditors had waived their lien upon this lot for the payment of their claims, by failing to pursue their remedy within a reasonable time, the delay being entirely un-

explained. As is held by this court, the creditor, under our law, has ample means, through administration, of subjecting the debtor's estate to the payment of the debts against the estate, and a creditor will be considered to have waived his lien upon property descended if he does not pursue his remedy in a reasonable time, and although there is no express statute of limitation of the time within which such a lien must be enforced, that where the delay of the creditors is unexplained, the period of seven years from the death of the intestate may be properly adopted, by analogy to the lien of judgments and the limitations for entry upon, and recovery of lands, as a bar to such liens. *McCoy* v. *Morrow*, 18 Ill. 519; *Unknown Heirs of Langworthy* v. *Baker*, 23 id. 484; *Rosenthal* v. *Renick*, 44 id. 202; *Moore* v. *Ellsworth*, 51 id. 308, and other cases.

There being no defense shown to the note, the judgment was right, and it is affirmed.

*Judgment affirmed.*