CHRISTIAN H. SHOWALTER

v.

MILTON SHOWALTER AND FRANK SHOWALTER.

*Wills—Whether Legacy a Charge on Real Estate.*

' 1.   Where a person dies leaving a will, and real and personal property, his debts and pecuniary legacies are to be paid from the personal estate, and in case of a deficiency of personal estate, the pecuniary legacies abate unless the real estate is charged with their payment.

2.   Under the will in the case at bar, the legacies in question were not charged upon the real estate, and there being a deficiency of personal estate, they abated.

[Opinion filed September 29, 1890.]

APPEAL from the Circuit Court of Edgar County; the Hon. E. P. VAIL, Judge, presiding.

Messrs. HENRY VAN SELLAR and JAMES A. EADS, for appellant.

Mr. H. S. TANNER, for appellees.

PLEASANTS, J.  The father of these parties died in 1879, leaving a will which disposed of all his estate, real and personal, after the payment of his debts, as follows, to wit: "To my beloved wife, the land which I now live on in the town of Stratton, in the county of Edgar and State of Illinois, during the term of her natural life, after her death to be divided among our heirs as hereinafter mentioned.   Also the personal property to be disposed of as at public auction, except three hundred ($300) dollars worth of household goods to be sold, the money collected.   After making all the heirs equal with those who have already received some outfit, charged on my family account book, then the balance to be put on interest, secured by real estate, and my companion to draw the interest annually, for the support of herself and family.   After the death

of my wife, all effects, real and personal, to be divided among our legal heirs as hereinafter named.   First, that my daughter Anna Whitehead, second daughter, Lucinda Hendrix, deceased, heirs, Margaret Nye, Christian Showalter, my son, my daughter, Lydia Showalter, my sons, Milton and Frank Showalter;  also Phebe A. and Clara I. Showalter, shall each and severally draw one hundred dollars first, the residue and remainder of my property, real and personal estate, to be divided equally among the following named persons or their heirs, if then living, at my wife's decease, to be divided between heirs and heir alike:   Anna Whitehead; Lucinda Hendrix, her heirs; Margaret Nye; C. H. Showalter, my son; Lydia Showalter, my daughter.   Also Milton and Frank Showalter, my sons;  Phebe and Clara J. Showalter, my daughters;  also John Besier, the heirs of or son of Harmon Besier; John C. Besier and Louis Besier, my step-son; also Helen Ball, my step-daughter;  likewise I make, constitute and appoint my beloved wife, Louisa Showalter, and my son Christian Showalter, to be executors of this my last will and testament, hereby revoking all former wills by me made, signed and witnessed."

The personal estate was exhausted in payment of his debts. His widow died in December, 1887.   After the death of the testator and before that of his widow the appellees respectively, by their quit-claim deeds, conveyed their interest in the real estate to appellant.   After her death proceedings were instituted for partition, under which all the real estate was sold and the proceeds distributed to the satisfaction of all the other parties interested, except the sum of $200 which remains in the master's hands awaiting the order on the intervening petition of appellees, who claim it on account of their pecuniary legacies of $100 each.

The court below ordered the master to pay it to them, according to the prayer of the petition, $100 to each; from which order this appeal was taken.

Thus is presented the single question whether the legacies were, by the will, made a charge upon the real estate.   Appellees claim they were, but suggest no reason for it except

that the bequests were specific and the devise general and residuary. We incline to the opinion, however, that the bequests were not specific, nor demonstrative, but general : 2 Redfield on Wills, Sec. 7, p. 1 and notes; 1 Roper on Legacies, Chap. 3, Secs. 1 and 4; and further, that if they were specific, they would not be charged upon the real estate. Here no specific money, but only specific amounts were bequeathed. Nor was any particular fund designated, out of which they were to be realized. In Heslop v. Gatton, Ex'r, 71 Ill. 528, the Supreme Court held, upon authorities cited, that " when a person dies, leaving a will, and personal and real property, his debts and pecuniary legacies bequeathed by the will are to be paid from his personal property; and in case of a deficiency of personal property, the legacies must abate, unless he charges his real estate with their payment. The charge upon the real estate may be made by the testator, either by express directions to that effect contained in the will, or the intention thus to charge it may be implied from the whole will, taken together." It further held that this implication must be fair and satisfactory from the will itself, and not from extrinsic circumstances. The intention so to charge it in this case is not expressly declared in the will nor do we think it can be so implied from it. It rather seems that the testator expected there would be money enough derived from the sale of his personal property to pay these legacies, and a surplus left to be divided, with his real estate, among the devisees named. The appellees having duly conveyed their interest in the realty to appellant, can have no claim as against him upon its proceeds, and the personalty being insufficient, these legacies abated. The order of the court below will be, reversed.

*Order reversed.*