## Mary Wentworth and H. B. Read v. William H. Read et al.

1. LEGACIES—*Not Liens Upon Real Estate, Unless, etc.*—A legacy is not a lien upon the real estate of the testator, unless made so by his will.
2. WILLS—*Parol Evidence—When Not Admissible to Explain the Intention of the Testator.*—Where there is no latent ambiguity in a will, parol evidence is not admissible to explain the intention of the testator against the construction to be placed on the face of the will, nor can the state of the testator's property be resorted to for such purposes.

**Partition of Real Estate.**—Appeal from the Circuit Court of Bureau County; the Hon. GEORGE W. STIPP, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

D. B. SHERWOOD, attorney for appellants, contended that the various legacies named in the will are an implied charge upon the real estate of the testator, and therefore all legatees have an interest in the premises.

To ascertain the intention of the testator, the court should read the instrument in the same light as the writer enjoyed. 2 Wigram on Wills, 161.

The court will look at the circumstances under which the will is made, the state of the testator's property, of his family, and the like. Rule 10, Jarman on Wills, Vol. 2, star page 824; Kaufmann v. Breckenridge, 117 Ill. 316; Duncan v. Wallace, 114 Ind. 196; 16 N. W. Rep. 137; McCorn v. McCorn, 100 N. Y. 511; Norris v. Sickley, 133 N. Y. 456; 31 N. W. Rep. 332; Van Winkle v. Van Houghton, 3 N. J. Ch. 172.

In the absence of a clearly manifest intention to the contrary, it must be presumed that the testator intended to dispose of all of his estate. Siddon v. Cockrell, 131 Ill. 653; Higgins v. Dwenn, 100 Ill. 554.

Courts will adopt such a construction as will uphold, rather than render a will of no effect. Fressey v. White, 113 Ill. 637.

Where a testator has no personal property at the time he executes a will, and bequeaths specific legacies, the reasonable presumption is that he intended to charge them on the land, for it is not to be presumed that he did no more than make an empty show of giving a bounty to the legatees. Duncan v. Wallace, 114 Ind. 169; 16 N. W. Rep. 137; Scott v. Stebbins, 91 N. Y. 605; Hogan v. Kavanaugh, 34 N. E. Rep. 292; Laurens v. Read, 14 Rich. Eq. (S. C.) 245; Hassinlever v. Tucker, 2 Binn (Penn.) 525; Clery's Appeal, 35 Pa. St. 54; Budd v. Williams, 26 Md. 265; Lypet v. Carter, 1 Ves. Sr. 499; Brill v. Wright, 112 N. Y. 199; 19 N. E. Rep. 628; Briggs v. Carroll, 117 N. Y. —; 22 N. E. Rep. 1054; McCorn v. McCorn, 100 N. Y. 511.

Milo Kendall and Harvey M. Trimble, attorneys for appellees, contended that the real estate is not charged with the payment of legacies unless the intention of the testator to that effect is expressly declared or clearly to be inferred from the language and dispositions of the will. Lupton v. Lupton, 2 John. Ch. 614.

Even a direction to pay debts and legacies does not create a charge upon the real estate. Ibid.

Where there is no latent ambiguity in a will, parol evi-

dence is not admissible to show the intention of the testator against the construction on the face of the will, and the state of testator's property can not be resorted to, to explain the intention.    Heslop v. Gatton, 71 Ill. 528; Kurtz et al. v. Hibner, 55 Ill. 514; Mann v. Mann, 14 Johns. 1; Bishop v. Morgan, 82 Ill. 352; Updike v. Tompkins, 100 Ill. 406; Blanchard v. Maynard, 103 Ill. 60; Reynolds v. Reynolds, 16 N. Y. 257; Tole v. Hardy, 6 Cow. 333; Lupton v. Lupton, 2 Johns. 614; Bowen v. Allen, 113 Ill. 53, 59; 1 Redfield on Wills, 279; Williams v. Johnson, 112 Ill. 61.

The general rule is that a will is held to speak from the death of the testator.    To this there is, however, the limitation that when language is used that repels the presumption it is otherwise, and in determining that question the entire will must be considered.    Updike v. Tompkins, 100 Ill. 410.

The doctrine is firmly settled and uniform in its application, that where a specific article is bequeathed, its sale, loss or destruction can not be replaced by substituting another article in its place.    Ibid. 411.

The law requires that all wills of lands shall be in writing, and extrinsic evidence is never admissible to alter, detract from or add to the terms of a will.    Kurtz v. Hibner, 55 Ill. 519.

The real estate can not be charged with the payment of legacies by anything short of express words, or plain intent in the will of the testator.    Tole v. Hardy, 6 Cow. 344.

Parol evidence is not admissible to show the intent of the testator against the construction on the face of the will, and the state of his property can not be resorted to as a criterion to explain it.    The will is not to be construed by anything *dehors* where there is no latent ambiguity.    Ibid. and authorities cited.

Mr. Justice Lacey delivered the opinion of the Court.

The appellants appealed from a decree of partition, rendered in the Circuit Court, of certain real estate, owned by Charles G. Read in his lifetime, who, dying in 1887, left a will, in which he bequeathed to appellants certain legacies,

to wit: To Mary Wentworth, five thousand dollars, to Henry B. Read three thousand dollars.

The will did not make the legacies a charge on the real estate; and left it undisposed of except that he gave to his wife, in lieu of dower, a life interest in his realty, and at her death the above legacies were to be paid. The testator made no mention of the amount of his personalty or realty in his will. At the time of his death he had only about $100 in personal property; his wife had become deceased before the filing of this bill for partition. The appellants set up this will and these legacies, and some extrinsic facts, not appearing in the will, by way of plea to the bill, which they proposed to prove in connection with the will, and attempted to establish the fact by a construction of the will, that their legacies were liens on the realty claimed by the heirs of Read.

The court set down the pleas for a hearing, and held that the appellants had no interest in the real estate; that by the terms of the will the legacies were not liens upon the real estate, and they having no interest in it, were not entitled to be made parties to the bill; and therefore their pleas were set aside, and their request to be made parties denied.

We are of the opinion that the court committed no error in regard to its ruling concerning appellants' pleas. Where there is no latent ambiguity in the will, parol evidence is not admissible to show the intention of the testator, against the construction to be placed on the face of the will; and the state of the testator's property can not be resorted to in explanation of the intention of the testator. There is no residuary clause in the will, and therefore it plainly appears that the testator intended his real estate to remain intestate, except as to the life estate created in favor of his wife. Hislop v. Gatton, Exr., 71 Ill. 528; Reed v. Corrigan, 143 Ill. 402.

The appellants also assign for error that the court failed to make the heirs of Olivia Read, whom they claim have a half interest in the land, parties defendants to the suit.

These appellants can not raise such objections, because they have no interest in the land and can not be heard to complain.

The court below rightfully ordered partition.

The decree of the Circuit Court is affirmed.