MAUD SHULD

*v.*

WILLIAM WILSON *et al.*

*Opinion filed February 21, 1907.*

1. WILLS—*pecuniary legacies are payable primarily from personal estate.* Pecuniary legacies are payable out of the personal estate and must abate when the personal estate is not sufficient to pay them, unless they are made a charge against the real estate, in which case the real estate must be resorted to to make up the deficiency.

2. LIMITATIONS—*when claim against estate is barred.* A claim by legatees for interest upon their legacies, which they have received in full, based upon the law of a foreign State entitling them to interest where payment was delayed, cannot be enforced against the estate after an unexplained delay of over seven years from the death of the testatrix.

3. PLEADING—*when material averment must be proved though not specifically denied.* An averment in a bill by complainants to enforce a claim for interest upon their legacies against land owned by the testatrix at her death, to the effect that they did not, until a certain recent date, know that the testatrix owned the land, is a material averment, where they have delayed for over seven years in seeking to enforce such claim, and proof of such averment is essential even though it is not specifically denied by the answer.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. H. B. WILLIS, Judge, presiding.

LEE, LEE & SCHUCHARDT, for plaintiff in error.

M. O. SOUTHWORTH, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Eliza Spear died testate in the county of Santa Clara, in the State of California, in July, 1891. Her will contains twenty-six numbered paragraphs. The first directs that the body be taken to the State of Illinois for interment. The next twenty-four paragraphs, except paragraphs 14 and 16, gave to legatees therein named sums of money differing in

amounts to the different persons mentioned in the various paragraphs. Paragraph 14 gave to Elmer Cross twenty acres of land in the State of California, in addition to a money bequest. Paragraph 16 gave to John Wilson, a brother of testatrix, a note she held against him. Paragraph 26 was as follows: "I direct that the rest and residue of the estate not bequeath, after paying all expenses, be divided between Ann Evans, William Wilson, of Valparaiso, Ind., Andrew Wilson, of Oshkosh, Wisconsin, John Wilson, of Algona, Iowa, and George Cross, Almon Cross and Elmer Cross, (brothers of Ann Evans,) share and share alike."

The will nominated G. C. Jenkins, of California, and John J. Wilson, a brother of testatrix, residing in the State of Iowa, as executors. On the 6th of November, 1891, the will was admitted to probate in Santa Clara county, California, and Jenkins refusing to qualify as executor, John J. Wilson qualified as sole executor of the will and letters testamentary were issued to him as such. He continued to act as such executor until his death, which occurred in November, 1895. In January, 1896, Edwin A. Wilcox, of said Santa Clara county, was by the superior court of said county appointed administrator with the will annexed of the estate of said Eliza Spear and duly qualified as such.

January 19, 1899, plaintiff in error filed this bill in the circuit court, setting up, in substance, the foregoing statement. The bill further alleged that the executor and the administrator with the will annexed, after the payment of debts, had collected and distributed the larger portion of the estate of Eliza Spear to the special legatees and devisees under orders of the superior court of Santa Clara county, California, but that the amount distributed was not sufficient to pay said legatees and devisees in full, and that the assets remaining in the hands and under the control of the administrator with the will annexed are not sufficient to pay the balance due said legatees and devisees and the costs and expenses of administration. The bill further alleged that John J. Wilson,

225—22

who was one of the residuary legatees, after he had qualified as executor and had commenced the execution of the will, filed his bill in the city court of Aurora, Illinois, at the September term, 1893, in his private capacity, for the partition of block No. 1, Idlewilde addition to Aurora, Kane county, Illinois; that in his said bill he alleged Eliza Spear was seized in fee simple of the premises at the time of her death and that by her will the said premises became the property of the residuary legatees under her said will; that none of the special legatees under the will of said Eliza Spear were made parties to the said bill for partition; that complainant here, Maud Shuld, had no knowledge that the title to the said premises belonged to the estate of Eliza Spear; that it had not been inventoried by the executor; that complainant, who is a devisee under the will of Eliza Spear, first learned said real estate was the property of Eliza Spear in July, 1898, and that she received this knowledge from Edwin A. Wilcox, administrator with the will annexed, who acquired his knowledge in the year 1898 from certain memoranda among the papers received by him from the estate of the former executor, John J. Wilson. The bill charges that the will of Eliza Spear made the specific legacies a charge against her real estate, and that the executor was, and the administrator with the will annexed is, by the provisions of the said will charged with the trust and duty of selling said real estate and applying the proceeds to the payment of the legacies provided in said will. All parties in interest as special or residuary legatees are made defendants to the bill. The prayer of the bill is that the will be construed, and that the premises in Aurora, Illinois, be charged with the payment of the balance due complainant and other special legatees under said will; that the same may be sold and the proceeds thereof paid and distributed by the administrator with the will annexed on the balance due the special legatees, and if anything is left after the legacies are paid in full, such balance be paid to the residuary legatees.

The defendants, who were special legatees under the will of Eliza Spear, filed an answer admitting the material allegations of the bill, setting up the balance claimed to be due each on their respective legacies, and praying that the same might be paid them out of the proceeds of any sale of the premises described in complainant's bill. The residuary legatees answered, denying that the assets of the estate of Eliza Spear in California were insufficient to satisfy the money legacies provided for in her will. They alleged in their said answer that at the time of the death of the testatrix, and for a long time afterwards, there was ample property of her estate outside of the Illinois real estate to pay all claims, demands and money legacies, and that if there was a deficiency it resulted from the negligence and inattention of the executor and administrator with the will annexed, and that the real estate described in complainant's bill is in no manner liable for any deficiency in the money legacies. The answer denies that by the terms of the will, or by a proper construction thereof, the money legacies were made a lien upon any of the real estate of testatrix, and denies the right of the executor or administrator with the will annexed to in any manner interfere with the real estate described in the bill of complaint, whether the money legacies in the will mentioned are paid in full or not. The answer admits that John J. Wilson, while executor of said will, filed his bill in the city court of Aurora for partition of the premises described in complainant's bill of complaint, and avers that said partition proceedings were prosecuted to a decree, and that said decree is valid and binding upon all persons, including the complainant. By an amendment to their answer the residuary legatees averred that by the statute of California, where the will was probated, the complainant was barred from bringing her action, and that being barred in the State of California she was also barred in this State. The amendment further averred that "these defendants interpose the Statute of Limitations of the State of Illi-

nois as a good and perfect defense to said action, the same not having been commenced until more than seven years after the letters testamentary were issued thereon in the State of California and nearly eight years after the decease of Eliza Spear; and further answering, these defendants interpose to said action *laches* on the part of the complainant, and hereby set up *laches* as a particular and special defense thereto."

On the trial of the case the only evidence heard was the deposition of Edwin A. Wilcox, administrator with the will annexed. He testified that the personal estate amounted to $13,813.29, and the real estate, which did not include the premises in controversy, $8680, the total value of both personal and real property being $22,493.29. He testified that John J. Wilson, as executor, paid on legacies $9801, and that he, as administrator with the will annexed, had paid on legacies $5000, making the total thus paid $14,801, and that there was a balance still due the legatees of $2495.75. The $14,801 paid legatees is the exact amount of the money legacies named in the will, except two legacies of one dollar each. The proof is that the balance due on money legacies is for interest for a failure to pay the legacies at the time when they were required to be paid by law. The executor, John J. Wilson, in his lifetime, paid the principal of a number of the money legacies and took receipts in full therefor. The balance in full of the principal of other legacies was paid by the administrator with the will annexed, but said administrator with the will annexed testified that by the civil code of California legacies bear interest at seven per cent per annum from the time they are due and deliverable, and that by said code they are due and deliverable one year after the testator's death.

The rule is, that pecuniary legacies are payable out of the personal estate of the testator, and unless made a charge against the real estate, where there is not sufficient personal estate to pay them, such legacies must abate. If, however,

it appears from the will that it was the intention of the testator to make the pecuniary legacies a charge on the real estate, then the real estate must be resorted to to make up any deficiency in the payment of the legacies from the personal estate. But, independently of whether the pecuniary legacies were made a charge against the residuary estate, we think the decree of the circuit court must be affirmed. There is no proof as to the Statute of Limitations of the State of California referred to in the answer, and we are not advised as to what said statute is. In this State it has been held that a creditor has ample means, through administration, to enforce payment of his claim against an estate, and although there is no express Statute of Limitations of the time within which such a lien can be enforced, where there is an unexplained delay on the part of the creditor, the period of seven years from the death of the party is adopted, by analogy to the lien of judgments, as a bar to the enforcement of the lien. (*Reed* v. *Colby,* 89 Ill. 104; *McKean* v. *Vick,* 108 id. 373.) No proof was offered by plaintiff in error to explain the delay in seeking to subject the real estate described in the bill to the payment of legacies. It is true, the bill alleges complainant had no knowledge that the testatrix owned the land prior to July, 1898. But this allegation, while not specifically denied by the answer, was not supported by any proof. It was a material allegation, and the fact that it was not denied did not relieve plaintiff in error from the burden of supporting it by testimony. (*De-Wolf* v. *Long,* 2 Gilm. 679; *Cushman* v. *Bonfield,* 139 Ill. 219; *Cotes* v. *Rohrbeck,* id. 532; *Glos* v. *Cratty,* 196 id. 193.) This suit was not brought until seven years and eight months after the death of the testatrix. Such delay, unexplained, is a bar to the maintenance of the action. (*Moore* v. *Ellsworth,* 51 Ill. 308; *Rosenthal* v. *Renick,* 44 id. 202.) So far as this record discloses there was no reason for such delay. It does not appear from the evidence but that the complainant and the other legatees at the time of the death

of testatrix knew that the real estate in controversy belonged to her. They have all been paid the principal of their respective legacies. It does not appear whether plaintiff in error receipted for hers in full or not, but the proof shows that some, at least, of the legatees did. Having received the principal of their respective legacies they cannot be permitted at this late date, without any explanation of the delay, to charge the real estate described in the bill with over $2000 for interest on said legacies because they were not paid by the executor within the time they should have been by law.

The decree of the circuit court is affirmed.

*Decree affirmed.*