**George W. Alderman, Executor, Appellee, v. Eleanor Dystrup et al. Mary Grace Phelps, Appellant.**

**Gen. No. 6,688.**

1. WILLS, § 226*—*what is paramount rule of construction.* It is a general and paramount rule in the construction of wills that the testator's intent should be ascertained, and, when ascertained, must govern.

2. WILLS, § 476*—*when pecuniary legacies are not chargeable against real property.* Pecuniary legacies bequeathed by the testator in his will are payable from his personal estate, and are not chargeable against the real property unless expressly made a charge thereon by the will, or unless the intention to make them a charge thereon arises by necessary implication from the terms of the will.

3. WILLS, § 232*—*construction in light of circumstances and surroundings.* A will should be construed in the light of the circumstances and surroundings of the testator.

4. WILLS, § 480*—*when evidence competent on question whether pecuniary legacies are to be charged against realty.* In ascertaining

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

whether pecuniary legacies are to be charged against the real property, evidence as to the value and amount of the testator's personal estate at the time the will was made is proper and competent.

5.   WILLS, § 476*—*when residuary devise does not make legacies charge on realty.*   A devise of the residue and remainder of the testator's property, real and personal, does not result in making legacies a charge upon the real estate, if it appears from other provisions of the will that the testator intended the legacies to be paid from his personalty.

6.   WILLS, § 480*—*when evidence shows testator did not intend pecuniary legacies to be charge on realty.*   Where the evidence shows that at the time a will was made the testator owned personalty of twice the amount of his indebtedness and the money bequests in the will, and the will contains a residuary clause leaving to a son the balance of his property, real, personal and mixed, including all moneys due testator at his decease, and the first codicil shows that he intended that the balance of his real estate undisposed of should become the property of his son, and directs the disposition of his real estate, after disposing of a certain part, to be according to the will, and in the second codicil he refers to the fact that he had given the son his homestead farm by the residuary clause, and, therein, he makes also certain legacies, in the form of annuities payable to his widow, liens and incumbrances upon the realty devised to the children, it will be *held* that it was not the testator's intention that pecuniary legacies given by the will should be a charge upon the realty.

7.   WILLS, § 480*—*when presumption exists that testator did not intend legacies to be charge on realty.*   Where a testator expressly makes certain legacies a charge upon the real estate but does not make such provision as to other legacies, to insure their payment, the inference arises that he did not think it necessary or intend that the latter should be made a charge upon his realty.

Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. *Opinion filed October 24, 1919.*

PETER SHUTTS, for appellant.

BARR, McNAUGHTON & BARR, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In this case a bill in equity was filed in the Circuit Court of Will county by George W. Alderman as executor of the last will and testament of Augustus S. Alderman, deceased, and in his own right, for a construction of the last will and testament of said deceased. The beneficiaries of the will, Eleanor Dystrup, Mary Grace Phelps, Ellen Alderman and Augustus S. Alderman, were made parties defendant in the bill. The question raised by the bill in the construction of the will was whether the legacies provided therein for Eleanor Dystrup and Mary Grace Phelps were by the terms of the will made a charge on the real estate. The legacy to Eleanor Dystrup was for $6,650, and the one to Mary Grace Phelps for the sum of $8,000. At the time of the death of the testator the amount of personal estate of the deceased was insufficient to pay the debts and charges against his estate, and to pay the legacies mentioned in full. A hearing was had before the chancellor, and he interpreted the will to mean that the testator did not intend to make the legacies mentioned a charge against the real estate. A decree was rendered in conformity with such construction, and therefore that said legacies respectively abate pro rata to the extent of the amount of the deficiency of the personal estate of said deceased to pay and discharge the same in full. From this decree Mary Grace Phelps prosecutes an appeal in this court.

The testator, Augustus S. Alderman, deceased on October 9, 1910. His last will was made on the 16th of March, 1907, and is as follows:

"WILL OF AUGUSTUS S. ALDERMAN.

"Know all men by these presents, That I, Augustus S. Alderman of the township of Dupage, Will County, Illinois, being of sound mind and memory, do make, publish and declare this to be my last will and testament, hereby declaring null and void any and all wills heretofore by me made.

"First.  After the payment of all my just debts and funeral expenses, I direct and dispose of all my property and effects, in the manner following, to-wit: I give and bequeath to daughter Eleanor Dystrup, wife of Andrew Dystrup, the sum of six thousand six hundred and fifty dollars ($6,650) and also the following described real estate, to-wit: The North one hundred and thirty one (131) acres of my homestead farm, the same being the north half of the southeast quarter and fifty-one acres in the west half of the northeast quarter south of the Plainfield Road, all in Section twenty-two, Township thirty-seven, Range ten, east of the Third P. M.

"I give and bequeath to my daughter Mary Grace Phelps, wife of Herbert Phelps, the sum of eight thousand dollars ($8,000) and the following described real estate, to-wit: The thirty acres in the southwest quarter of Section twenty-nine south of the Plainfield Road, also the west half of the northwest quarter of Section thirty-two in said township and range and containing in all one hundred and ten (110) acres of land.

"I give and bequeath to my son George W. Alderman all the balance of my property of which I may die seized whether real, personal or mixed, and all moneys and obligations due me at my decease, to be his sole property forever.

"I hereby direct and will that my said son shall pay to my wife Ellen Alderman the sum of three hundred dollars annually during the term of her natural life.  That each of my said daughters shall pay to my said wife the sum of one hundred and fifty dollars annually during her natural life, such payments to be made and in such sums and at such times as my said wife may desire, the same to be used by her for her own comfort and support and is to be in lieu of all dower or life interest in my estate.  Said payments are to be an incumbrance and lien upon the real estate hereby bequeathed to my said children, during the life of my said wife only.

"Lastly.  I do hereby nominate and appoint my

said son George W. Alderman to be the executor of this my last will and testament, with full power and authority to carry out my above bequests, make all deeds or other conveyances, collect all moneys due and make receipts for the same and in everything carry out these my bequests as fully and completely as I could myself do and that too without bond or any application to any court whatsoever.

"In witness whereof I have hereunto affixed my name and seal this sixteenth day of March, A. D. 1907.

Augustus S. Alderman (Seal)"

On the 19th day of July, 1909, the deceased made a codicil to his will, which is as follows:

"This codicil made to my will dated March Sixteenth, A. D. 1907, is so made to change the bequest made to my son George W. Alderman wherein I have given him all the balance of my real and personal estate to be his sole property. It is now my wish and desire and do hereby so alter and change said will as to give to my children, George W. Alderman, Eleanor wife of Andrew Dystrup and Grace wife Herbert Phelps, share and share alike, certain real estate now owned by me and located in Roscommon County and elsewhere in the State of Michigan. The said real estate is to be the joint and sole property of said children and their heirs and assigns forever. The balance of my real estate is to be divided among said children as is specified in said will.

"Witness whereof I have hereunto set my hand and seal this nineteenth day of July, A. D. 1909.

Augustus S. Alderman (Seal)"

And on the 6th of October, 1909, another codicil was made to the will by the deceased, which is as follows:

"This codicil made to my last will and testament dated March Sixteenth A. D. 1907, is so made to change the bequest therein made to my son George W. Alderman, wherein I have given and bequeathed to him my homestead farm of four hundred acres to be his sole property.

"It is now my desire and wish and I do so now be-

queath and give to him the said son the said home-
stead farm to be his property during his lifetime and
at his death the same is to go to and become the sole
property of his child or children, provided he should
leave any such. But in case my said son shall not
leave any child or children surviving him then said
farm property is to go to and become the sole prop-
erty of the sister or sisters of said son and their sole
heirs to be their sole property forever.

"I give and bequeath to my wife Ellen my house
and lot situated in the Village of Lemont, Ill. and
recently purchased by me to be her sole property
forever.

"The balance of my property and real estate to be
divided and go to my children as provided in said will
and the first codicil thereto attached.

"In witness whereof I have hereunto set my hand
and seal, this sixth day of October, A. D. 1909.

Aug. S. Alderman    (Seal)"

The will and codicils thereto were duly probated
in the Probate Court of Will county on December 6,
1910, and the appellee, George W. Alderman, was
duly appointed as executor by the Probate Court. It
is a general and paramount rule in the construction
of wills that the intention of the testator should be
ascertained, and when this intention is ascertained
it must prevail. *Wardner v. Seventh Day Baptist
Memorial Board*, 232 Ill. 606; *Showalter v. Showalter*,
38 Ill. App. 208. It is also a familiar and well-settled
rule of law that pecuniary legacies bequeathed by the
testator in his will are payable from his personal
estate and are not chargeable against the real prop-
erty unless expressly made a charge upon such real
estate in the will; or unless the intention to make the
legacies a charge upon such real estate arises by
necessary implications from the terms of the will.
*Jenne v. Jenne*, 271 Ill. 526; *Haynes v. McDonald*, 252
Ill. 236; *Simonsen v. Hutchinson*, 231 Ill. 508; *Shuld v.
Wilson*, 225 Ill. 336; *Wentworth v. Read*, 166 Ill. 139;

*Heslop v. Gatton,* 71 Ill. 528. And in construing a will the court should do so in the light of the circumstances and surroundings of the testator. *Abrahams v. Sanders,* 274 Ill. 452; *Strickland v. Strickland,* 271 Ill. 614. In conformity with the latter rule, the court heard evidence of the testator's circumstances at the time of the making of the will concerning the value and amount of the personal estate which the testator possessed at that time. And this proof was competent and proper under the rule stated. From this proof it is revealed that the testator at the time he made the will owned personal property to the extent of about $28,000, and that the aggregate of his indebtedness and money bequests amounted to only about one-half of the amount of his personal estate. It is conceded that the testator in his will did not expressly charge the real estate with the payment of the legacies in question. So there remains for determination only the question whether by necessary implication the intention of the testator to charge the real estate arises from a reasonable construction of the language of the will, and in the light of the circumstances by which the testator was surrounded at the time of the making of the will. It is contended by the appellant that such intention must necessarily be inferred from the residuary clause in the will by which the testator bequeathed to his son George W. Alderman, the appellee, all the balance of his property, real, personal and mixed, and all moneys and obligations due him at his decease, to be the sole property of said son. But a devise of the residue and remainder of the testator's property, real and personal, does not result in making legacies a charge upon real estate, if it appears from other provisions of the will that the testator intended that such legacies be paid from his personal property. *Showalter v. Showalter,* 38 Ill. App. 208. The residuary clause in question clearly shows that the testator ex-

pected that there would be moneys and obligations of the testator remaining after the payment of the legacies in question, which together with the balance of the real estate remaining he intended should become the sole property of the appellee. This expectation of the testator is also borne out by the proof made that at the time of the making of the will he had personal property amounting to twice as much as the amount of the legacies and indebtedness, and therefore would naturally conclude that after the payment of his debts and legacies a large amount would be left to go to his son under the residuary clause. In the first codicil the testator again shows by its terms that he had intended the balance of the real estate undisposed of should become the sole property of his son, the appellee, and by the words in this codicil in which he expresses the desire that the balance of his real estate, after disposing of the Michigan property, be divided among his children as he had specified in the will. And it is clear that it was the idea of the testator that the other beneficiaries in his will should not have any claim upon real estate devised by the language of the second codicil in which he referred to the fact that by the residuary clause of the will he had given and bequeathed to the appellee his homestead farm of 400 acres to be his sole property. Furthermore, in this will the testator does directly make certain legacies which are in the form of annuities payable to his widow, incumbrances and liens upon the real estate devised to his children. Thus it is apparent that the testator had in mind the matter of the necessity of making legacies a charge upon the real estate to insure their payment thereby, and the inference naturally arises from this feature alone that if he had thought it necessary, or intended to make the legacies in question a charge upon the real estate, he would have done so in the same way

as in the instance mentioned. Taking the whole will together, therefore, and considering all its provisions together, and looking at the situation with reference to the condition of the testator's property as the testator must have viewed it at the time the will was made, the conclusion seems clear that the testator did not contemplate that the legacies in question would be or should be a charge upon his real estate, but that he expected them to be paid out of the personal property. We are of opinion, therefore, that the construction given the will by the chancellor was the correct one, and the decree is affirmed.

*Decree affirmed.*

MR. JUSTICE DIBELL took no part.