## In the Matter of the Estate of Elizabeth Taylor, Deceased.
## Belle Baker et al., Appellees, v. B. F. Baker, Executor, et al., Appellants.

### Gen. No. 7,651.

1.   WILLS—*nature of bequest payable out of designated fund.* A bequest of a specified sum of money to a church to be "paid out of any moneys or notes which I may have on hand at the time of my death," followed by a bequest of all the rest and residue of such moneys and notes to a certain legatee, is a mere demonstrative legacy to be paid out of the bequest to such residuary legatee, and is to be paid in the manner provided by law from personal property remaining after payment of debts, in the absence of any provision exonerating personal property from payment of debts.

2.   WILLS—*funds subject to testamentary provision for payment of debts.* A provision in a will directing that testatrix's just debts shall be paid in full raises the presumption, in the absence of any provision in the will pointing out a specific fund or property from which debts shall be paid, that they shall be paid out of the personal estate.

3.   WILLS—*debts not chargeable against real estate in absence of provision in will.* Real estate specifically devised by the testatrix by a will which contains no provision either directly or by implication charging it with the payment of debts is not chargeable therewith, except for any deficit remaining after application of all personal assets to payment of debts, and where the personal estate of testatrix was insufficient to discharge estate indebtedness, other than legacies made a lien and charge upon specific realty, bequests payable out of "moneys and notes" which testatrix may have on hand at the time of her death abate in their entirety.

Appeal by defendants from the Circuit Court of McLean coun*~* the Hon. EDWARD BARRY, Judge, presiding. Heard in this court ~.

the October term, 1923.   Reversed and remanded with directions.
Opinion filed January 10, 1924.

LIVINGSTON & WHITMORE, for appellants; STELLA E. WHITMORE, of counsel.

WILLIAM R. BACH and EDMUND O'CONNELL, for appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from an order and judgment of the circuit court of McLean county, on the final report in the settlement of the estate of Elizabeth Taylor, deceased, brought to that court by appeal from the county court.

Elizabeth Taylor died leaving a last will and testament, the substantial provisions of which are:

First:   Payment in full of all her just debts. Clauses two to seven, inclusive, provide for five separate legacies, payable to various relatives amounting, in the total, to $6,050.  Clause eight charges the payment of said five legacies upon a described tract of land and fixes a lien thereon for such payment. Clause nine devises said tract of land to B. F. Baker, named as executor in the will and one of the appellants, but makes such devise subject to the payment of said legacies.   Clauses ten and eleven contain two further specific devises of real estate, respectively, and the twelfth clause also contains a specific devise of real estate, with some other features not material to the questions in this case.

This litigation arises over a construction of the thirteenth clause of the will, which reads as follows:

"I hereby will and bequeath to the Presbyterian Church at Cooksville, Illinois, the sum of $500, the same to be paid out of any moneys or notes which I may have on hand at the time of my death, and all the

rest and residue of the moneys and notes which I may have at the time of my death I give and bequest to my niece above named, Mrs. Belle Baker of Heyworth, Illinois.''

The will is dated November 6, 1915.

''The inventory filed showed the estate to consist of:

(a)    The four tracts of real estate described and devised in paragraphs 8, 9, 10, 11 and 12 of said will.

(b)    Money and notes as follows:

Cash on hand at decease....................$ 904.73
Frank and Sam'l Sutter note................  500.00
Connure and Johnson note..................  900.00
Hefner mortgage (note missing)............ 2000.00

The executor's report shows:

Total receipts realized.....................$3903.33
Total claims and disbursements............. 4817.16
Deficit in personal estate to pay claims and
    disbursements  .....................$ 913.83''

It appears that there was a claim filed and allowed in favor of Helen Smith to the amount of $4,071.18, and in addition Helen Smith had filed a bill to contest the will and through a compromise and settlement between the executor, devisees and legatees (other than the appellees) on the one side and Helen Smith on the other, it was agreed that Helen Smith should be paid the sum of $5,000, including her claim.

By reason of the aforesaid deficit of the personal estate, which was all used to discharge estate indebtedness, other than legacies made a lien and a charge upon specific real estate, the executor treated the legacies devised in the thirteenth paragraph of the will as abated for want of funds to pay them.

The appellees in this court objected to said report in the county court, but said objections were overruled and the report was approved. The circuit court, on appeal, sustained the objections of the appellees and ordered that the debts of the estate be prorated against the several bequests and devises of both personal and real estate, so that each bequest and devise

(except the specific legacies made a charge and lien upon real estate) shall bear its proportionate share of such indebtedness according to its value as found. In effect the court below holds that the bequests to the Presbyterian Church at Cooksville and to Belle Baker, respectively, in said thirteenth clause, are each specific legacies, of equal standing with the other bequests and devises set out in said will, with the exception as to the legacies in clauses two to seven stated, and that under the terms of this will the real estate is holding for its proportionate share of the debts.     From this judgment the executor and devisees have appealed to this court.

The only question in this case is the construction of said clause number thirteen, and whether the legacies provided for therein are specific, and under the terms of the will the lands liable for the payment of debts.

It is the settled rule in Illinois that when a person dies leaving a will, and personal and real property, his debts and pecuniary legacies bequeathed by the will are to be paid from his personal property; and in case of a deficiency of personal property the legacies must abate, unless he charges his real estate with their payment (*Heslop v. Gatton,* 71 Ill. 528; *Dauel v. Arnold,* 201 Ill. 579; *Jenne v. Jenne,* 271 Ill. 536); or unless the intention to make the legacies a charge upon such real estate arises by necessary implication from the terms of the will.     *Alderman v. Dystrup,* 215 Ill. App. 421 (affirmed in 293 Ill. 504), citing *Jenne v. Jenne,* 271 Ill. 526; *Haynes v. McDonald,* 252 Ill. 236; *Simonsen v. Hutchinson,* 231 Ill. 508; *Shuld v. Wilson,* 225 Ill. 336; *Wentworth v. Read,* 166 Ill. 139; *Heslop v. Gatton,* 71 Ill. 528.

Where the payment of the debts exhausts the personal estate the legacies, even if specific, would abate. *Showalter v. Showalter,* 38 Ill. App. 208.

In the administration of estates the personal property is the primary fund for the payment of debts and

general legacies, unless a contrary intention on the testator's part satisfactorily appears. *Reid v. Corrigan,* 143 Ill. 405, citing *Heslop v. Gatton,* 71 Ill. 528.

It is a well-settled principle that in the administration of assets the personal estate is the natural and primary fund for the payment of debts and legacies and, as a general rule, must first be exhausted before the real estate can be made liable; and it will not be exonerated by a charge upon the real estate devised, unless there are express words, or a plain intent in the will, to make such exoneration. *Sutherland v. Harrison,* 86 Ill. 363, citing *Clinefelter v. Ayers,* 16 Ill. 329; *Harris v. Douglas,* 64 Ill. 466.

The will of Elizabeth Taylor contained no residuary clause. That part of clause thirteen of the will, which is in dispute in this case, is only the latter part, reading: ''All the rest and residue of the moneys and notes which I may have at the time of my death I give and bequest to my niece above named, Mrs. Belle Baker of Heyworth, Illinois.''

The bequest to the Presbyterian Church of Cooksville is a mere demonstrative legacy to be paid out of the legacy and bequest to Mrs. Belle Baker. The clause would have the same legal meaning if the testatrix had bequeathed, ''All of the moneys and notes which I may have at the time of my death,'' and is to be so construed, unless the debts were payable out of said personal estate. In other words, the bequest to the Presbyterian Church is to be paid in the same manner as provided by law and in this case can only be paid in case this personal property is exonerated from the payment of debts.

By the first clause in the will the testatrix provided for the payment in full of all her just debts. No fund or property is pointed out in the will upon which the debts were charged, and it must be presumed, unless the language used in the will or the implications to be drawn from such language indicated a different purpose, that the testatrix intended that the debts should

be paid out of the personal estate.    Appellants contend that the thirteenth clause of the will effects a specific bequest of such moneys and notes to Mrs. Belle Baker, and quote *Walls v. Chessen,* 158 Ill. App. 634, where there was a similar but broader bequest of all his, "personal estate of money, goods and chattels of whatsoever nature," and the court held it, in that case, a specific request, but *Cox v. Johnson,* 242 Ill. 159, quoted in that case, as an authority that the debts should be prorated upon all the devises in a case, where the will only affected devises of real estate, and made no provision as to the payment of debts.    In *Barber v. Davidson,* 73 Ill. App. 441, it was held that a bequest of whatever sum the testator should have on deposit in a bank at the time of death was a specific bequest; and in this case section thirteen, standing alone, and not incumbered with the subject of debts, under the provisions of this will could be supported with authority, as a specific bequest.

Counsel for appellees cite *Pace v. Pace,* 271 Ill. 114; *Deltzer v. Scheuster,* 37 Ill. 301, and *Cox v. Johnson, supra,* as authority for the proposition that where legacies or devises are abated on account of a superior claim the court will reduce legacies and devises of the same class proportionately.    This is a correct rule, but in all of the cases cited the charge pertained to different tracts of real estate only, and none of them involved an exoneration of the personal property from the payment of debts.    Other cases cited by appellees were concrete cases, where under the facts set out the court held the legacies to be specific.    It is insisted by appellees in this case that not only are the two legacies in clause thirteen specific legacies, but that from the terms of the will it was the intention of the testatrix to exonerate the personal property from the payment of debts.    Appellees contend that the debts of this estate should be prorated against all of the specific devises and legacies.    This can only be done when such

intent on the part of the testatrix is evidenced by express words, or it may be implied from a consideration of the whole will. *Haynes v. McDonald,* 252 Ill. 240; *Alderman v. Dystrup,* 293 Ill. 508; *Wentworth v. Read,* 166 Ill. 139.

It is laid down in Underhill on the Law of Wills, vol. 1, p. 516: "The language must show an intention to exempt the personal property. The intention must clearly appear. An express direction by the testator that his lands, or a particular portion of his personal property, shall be a primary fund for the payment of his debts, is controlling and will exempt all or a particular portion of the personal property. * * * The testator need not, in express language, declare his debts to be a charge upon his real estate, and that his personal property is to be exempt from their payment, for the intention may be gathered from all the context. Where the *will is silent,* a presumption will be recognized that the testator intends his debts to be paid out of property on which the law fixes the liability for them." This, of course, is a presumption that may be rebutted, but the question must be determined by the language used by the testatrix and the condition of her estate, at the execution of her will and at the time of her death. There was a stipulation that at the time of her decease testatrix had in the bank at Cooksville $904.73 in money and notes amounting to $3,400. The report shows receipts of money totaling $3,903.33 and disbursements to the amount of $4,817.16. There is nothing in the record to show the condition of testatrix's affairs at any time prior to her decease.

Reading the whole will it is apparent that the testatrix desired and expected the Presbyterian Church of Cooksville to take $500, and she expected that she would have ample funds out of her moneys and notes to pay this legacy. It is not so certain that the testatrix believed that her niece, Mrs. Belle Baker, would receive any substantial amount under the terms of

clause thirteen, for the reason that in the second clause of the will, the first legacy provided for, she bequeathed Mrs. Baker $2,000 and made it a lien upon real estate. She provided for her debts in the first clause of the will and was careful to say that all of her just debts should be paid in full. There is not one word in this will, nor from any of the language used can the implication be drawn, that Mrs. Taylor expected or understood that any of the real estate devised should be chargeable with her debts. If there is any such language it has not been pointed out and we are not able to discover it. The rule as laid down by Underhill on the Law of Wills, vol. 1, p. 538, is:

"A specific legatee of chattels may, even in the absence of an express direction, claim to have them exonerated by the executor, out of the *general personal estate,* from charges existing at the death of the testator. Thus, if the gift is a piece of furniture or jewelry which is pledged for a loan, or of shares or other securities which are hypothecated, the debt must be borne by the *residuary personal estate.*"

And in 40 Cyc., p. 2068, it is held:

"Specific legacies or devises are liable for the testator's debts; but a specific legacy or devise is to be applied only after general gifts and a specific legacy should be applied ahead of real estate specifically devised, unless the real and personal estate is blended. As among themselves specific bequests and specific devises are to be applied pro rata."

In this case the personal property in its entirety was chargeable with the payment of the debts and appellees are only entitled to a pro rata reimbursement from any other legatees of personalty, in this estate. We are not determining the question, in this case, as to whether or not clause thirteen of the will constitutes a specific legacy; but we do determine that even if such be the case, the real estate of decedent is not chargeable with the debts of the estate further than the deficit existing after the application of personal assets to the payment of the same. The exceptions of the

appellees to the final report of the executor should be overruled.

The judgment and order of the circuit court of McLean county is reversed and the cause remanded with directions to enter a judgment and order in accordance with the matters set out in this opinion.

*Reversed and remanded with directions.*