MARY ELIZABETH SIMONSEN, Exrx. Appellee, *vs.* ANGIE M. HUTCHINSON *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. WILLS—*specific legacies must abate, unless charged upon real estate, if personal property is insufficient.* Personal property is the primary fund out of which specific legacies must be paid, and if such legacies are not made a charge upon the real estate and there is a deficit of personal property they must abate.

2. SAME—*testator's intention to charge real estate with specific legacies may be implied.* Specific legacies will be held to be a charge upon real estate if such appears to be the clear intention of the testator as manifested in express terms or by necessary implication from the language used.

· 3. SAME—*the general rule as to when residuary real estate is charged with legacies.* Where pecuniary legacies are given gen-

erally, and there is a gift of the residue of the estate, the whole residue being blended in one mass, the legacies are a charge upon the entire residue, including residuary real estate.

4. SAME—*when specific legacies are a charge upon real estate.* A residuary devise of "all the rest and residue of my estate that shall remain after the satisfaction of the above legacies," charges the real estate with the payment of such legacies in the event of a deficit of the personal property, where such residuary devise is the only one in the will applicable to real estate.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

CHARLES S. MCILVAINE, for appellants:

Legacies must abate where there is not sufficient personal property out of which to pay them and where they are not made a charge upon the real estate by the will. *Heslop* v. *Gatton,* 71 Ill. 528; *Wentworth* v. *Read,* 166 id. 139; *Reynolds* v. *Reynolds,* 16 N. Y. 257; *Engelthaler* v. *Engelthaler,* 196 Ill. 230; *Vestal* v. *Garrett,* 197 id. 398.

RICHBERG & RICHBERG, for appellee:

A residuary devise, after the payment of legacies or after the direction that legacies be first paid, will charge the residuary realty with the legacies. 19 Am. & Eng. Ency. of Law, (2d ed.) 1354.

Where an intention to charge realty with the payment of legacies can be inferred from a will a special bequest will not be allowed to abate, as it will be presumed that the testator intended to so charge the land and not to make a gift in appearance, only. *Reid* v. *Corrigan,* 143 Ill. 402; *Williams* v. *Williams,* 189 id. 500.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a bill in equity to obtain a construction of the will of Angeline H. Sawyer, of New Haven, Conn., who died testate on January 21, 1907. The will in question is as follows:

"I, Angeline H. Sawyer, of the city, town and county of New Haven, State of Connecticut, being of sound mind and memory, do make the following my last will and testament, hereby revoking all former wills made by me:

"*First*—I direct that my executrix, hereinafter named, pay my just debts and funeral expenses.

"*Second*—I give and bequeath to my daughter, Mary Elizabeth Simonsen, the sum of one thousand dollars ($1000.)

"*Third*—I give to my granddaughter Frances Marie Sawyer the sum of one thousand dollars ($1000.)

"*Fourth*—I give and bequeath to my granddaughters Angie Mary Hutchinson and Susie Marion Sawyer the sum of one thousand dollars ($1000) each. If either of them should die before this takes effect, leaving no issue, I give and bequeath the said sum of one thousand dollars ($1000) to the survivor.

"*Fifth*—My son Alvin has already received from me, as an advancement, the sum of forty-five hundred dollars ($4500) and more, which sum I consider to be his full share of my estate, and I therefore make no provision for him in this will.

"*Sixth*—I give to my granddaughter Edith Benedict Sawyer the sum of two thousand dollars ($2000) and also the sum of two thousand dollars ($2000) to her brother, my grandson Millard Holton Sawyer. In case either of my two grandchildren last named shall die without issue before this will takes effect, I direct that the amount given to the one deceased shall go to the other. Should they both die before my will takes effect, I direct that the said four thousand dollars ($4000) be divided in equal shares between Mrs. Mary Elizabeth Simonsen, Angie Mary Hutchinson and Susie Marion Sawyer.

"*Seventh*—Should Frances Marion Sawyer die before the will takes effect, I direct that the amount to be given her be divided equally between Edith Benedict Sawyer and

Millard Holton Sawyer, or be given to the survivor of them in case one of them shall have died, or in the event of their both having died previous to this will taking effect, that said one thousand dollars ($1000) be then equally divided between Mary Elizabeth Simonsen, Angie Mary Hutchinson and Susie Marion Sawyer.

"*Eighth*—All the rest and residue of my estate that shall remain after the satisfaction of the above legacies and payment of my just debts and funeral expenses, I give, devise and bequeath, in equal shares, to Mary Elizabeth Simonsen, Angie Mary Hutchinson and Susie Marion Sawyer.

"*Ninth*—I hereby appoint Mary Elizabeth Simonsen executrix of this will.

"In witness whereof I have hereunto set my hand and seal at said New Haven this 16th day of August, 1906.

ANGELINE H. SAWYER. (Seal.)"

At the time of her death the testatrix owned personal property valued at $4582 and real estate located in Illinois valued at $5500, subject to an encumbrance of $1000. The debts of the estate, including the cost and expenses of administration, amount to $2186, to which must be added $1000 which is a lien upon the real estate, bringing the total liabilities of the estate up to $3186. Deducting the indebtedness from the estimated value of the estate, we have $6896 as the net value of the entire estate. The specific legacies under the will aggregated $8000. It is therefore apparent that the personal property is insufficient to pay the specific legacies, and unless the real estate is charged by the will with the payment of the specific legacies a very substantial portion of such legacies must lapse.

Appellants contend that the real estate passed under the residuary clause of the will, and that it is not charged with the payment of any portion of the specific legacies. Appellee contends that under the residuary clause of the will the real estate is charged with the payment of the legacies and debts, and that it is only the residue, if any, that passed

under the residuary clause. The court below sustained appellee's contention and entered a decree making the legacies a specific charge and lien on the real estate, and ordered the executrix to advertise and sell the same for the purpose of discharging the specific legacies mentioned in the will. Two of the residuary legatees, Angie M. Hutchinson and Susie M. Sawyer, have appealed to this court and assigned error upon the decree below.

Personal property is the primary fund out of which specific legacies in a will must be paid, and where such legacies are not made a charge upon real estate by the will and there is a deficit of personal property to pay, the specific legacies must lapse. (*Heslop* v. *Gatton,* 71 Ill. 528; *Wentworth* v. *Read,* 166 id. 139; *Engelthaler* v. *Engelthaler,* 196 id. 230; *Vestal* v. *Garrett,* 197 id. 398.) While this is a general rule, it is also well established that when the intention of the testator to charge his real estate with a payment of specific legacies is clear, either from the express words of the will or by necessary implication from the language used, legacies will be held to be a charge upon the real estate. The intention of the testatrix in the case at bar to charge the real estate with the payment of the legacies is clearly manifested by the residuary clause of the will. That clause is as follows: "All the rest and residue of my estate that shall remain after the satisfaction of the above legacies and payment of my just debts and funeral expenses, I give, devise and bequeath, in equal shares, to Mary Elizabeth Simonsen, Angie M. Hutchinson and Susie Marion Sawyer." It will be noted that there is no specific devise of real estate in this will, therefore that class of property passed by the residuary clause. It is only the "rest and residue" of the estate that shall remain after the satisfaction of the legacies, debts and funeral expenses that is devised in the residuary clause.

Where pecuniary legacies are given generally and there is a gift of the residue of the estate, the whole residue being blended in one mass, it is now the settled rule, both in Eng-

land and in the United States, that the legacies are a charge upon the entire residue, including the residuary realty. (19 Am. & Eng. Ency. of Law,—2d ed.—1354; *Reid* v. *Corrigan,* 143 Ill. 402; *Williams* v. *Williams,* 189 id. 500.) In the case last above cited the language of the residuary clause was as follows: "I give and devise all the rest, residue and remainder of my estate, after my debts and funeral expenses are paid, to my sons and daughters, to share and share alike." This court, in deciding that the residuary clause above quoted created a charge upon the real estate for the payment of legacies, quoted the following language from *Reid* v. *Corrigan, supra:* "By holding that the expression 'rest, residue and remainder' was intended to limit the devise to appellees to that part of his estate which should remain after deducting all that had been previously bequeathed, effect can be given to the entire will, whereas to say that by their use he intended to devise all of his real estate not previously devised, without reference to said legacy, we are forced to defeat an intention as clearly expressed as language can make it, or attribute to him the inconsistency of having made his niece the object of his bounty by words, at the same time intending that she should never enjoy that bounty."

The language in the will under consideration expresses the intention of the testatrix to charge her real estate more clearly than did the residuary clause in either the *Corrigan* or *Williams case,* and in our opinion the construction of the will in question must be controlled by the rule laid down in those cases.

There is no error in the decree of the court below. The decree will therefore be affirmed.        *Decree affirmed.*