ETHEL M. EYER, Appellant, *vs.* EMMA JANE WILLIAMSON *et al.* Appellees.

*Opinion filed December 17, 1912.*

1. WILLS—*presumption is that the testator did not intend to die intestate as to any property.* It is to be presumed, unless the contrary clearly appears, that one who dies leaving a will intended to dispose of all of his property and not to die intestate as to any part thereof, and courts will adopt any reasonable construction of the will which will prevent such intestacy.

2. SAME—*no word in will should be arbitrarily rejected.* Every word of a will should, if possible, be given effect in arriving at the intention of the testator, and none should be arbitrarily rejected as meaningless or surplusage.

3. SAME—*mere verbal omission may be supplied.* Where there is a failure, in drafting a codicil, to employ apt language to express the intention of the testator but the defect in the language is simply a verbal omission, the true meaning of the clause may be implied in order to reach the obvious intent of the testator as gathered from the entire context of the will and codicil.

4. SAME—*what is sufficient to establish a devise by implication.* While a devise by implication cannot rest upon conjecture, yet it is not required that the inference shall be absolutely irresistible, and it is enough if the circumstances, taken together, leave no doubt as to the testator's intention.

5. SAME—*when codicil does not render share of land intestate property*. Where a will divides the land of the testator into three shares among the children of his three brothers, but the codicil sets apart a sum of money to the children of one brother, who are unknown to the testator, to be in full of their claims, and provides that the "balance of my estate to be divided as directed in the aforesaid will," the will and codicil together will be construed as devising all of the land to the children of the other two brothers. (*Minkler* v. *Simons*, 172 Ill. 323, distinguished.)

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

A. J. HOPKINS, D. J. PEFFERS, J. S. HOPKINS, and R. J. WING, for appellant.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill filed in the circuit court of Will county to construe the will of John Robins, who died October 30, 1911, leaving a 100-acre farm in that county and other property. The second section of the will gave a life estate in said 100-acre farm to his brother Stephen Robins. The only other sections bearing on the question here at issue are sections 4, 5, 6, 7 and 8, which read as follows:

"*Fourth*—The residue of my personal estate is to be divided into three shares and given as follows: To my brother Joseph Robins, of Southampton, England, one share if he be living, and in case of his death then his share shall go to his children, or their descendants, in accordance with the laws of the State of Illinois.

"*Fifth*—I give to the children of my late brother, Fitzjames Robins, one share, and if either of them be dead leaving child or children, such child or children shall inherit the parent's share.

"*Sixth*—I give to the children, or their descendants, of my late brother, Edward Robins, one share, and if either child be dead leaving child or children, such child or children shall inherit the parent's share.

"*Seventh*—After the death of my said brother, Stephen Robins, the real estate above devised to him for life shall descend and belong to my brother Joseph Robins if he be living, and if he be dead then to his children, one share to be divided among them in accordance with the laws of the State of Illinois, one share to the children of my late brother, Edward Robins, and their descendants, to be divided among them as above.

"*Eighth*—And one share to the children of my late brother, Fitzjames Robins, and their descendants, to be divided among them as above."

The will was executed on September 27, 1900. On October 20, 1911, the testator made a codicil, which reads, in part:

"Now, therefore, I do make and declare these two sheets of paper to be a codicil to my last will and testament and to be taken as a part thereof. I order and declare that two thousand dollars be set aside for the full share of the children of my brother Joseph Robins, now deceased, to be divided share and share alike, the children of a deceased heir to take the parent's share. This two thousand dollars to be in full of all claims of said heirs against my estate. The above heirs being unknown to me, I hereby direct the administrators or executors to deposit this money in a national bank in Joliet or Aurora, Illinois, and an order of the probate court to pay said heirs shall be a full release of said administrators or executors. This codicil is intended to change my will only so far as the children of Joseph Robins are concerned. The balance of my estate to be divided as directed in the aforesaid will."

The decree of the lower court construed the codicil as revoking the devise to the children of Joseph Robins mentioned in section 7 of the will, and held that the testator did not devise the said share mentioned in said section 7 to any other person or persons, and that therefore one-third interest in said real estate was intestate property, one-ninth

going to the children of Joseph Robins, one-ninth to the children of Edward Robins and one-ninth to the children of Fitzjames Robins. This is an appeal from that decree.

When a person dies testate it will be presumed that he intended by his will to dispose of all his property and to leave no part of it as intestate estate, (*Lewis* v. *Sedgwick*, 223 Ill. 213,) and the instrument will be so construed unless the presumption is clearly rebutted by its provisions or there is evidence to the contrary. (*Lewis* v. *Harrower*, 197 Ill. 315.) This presumption is so strong that the court will adopt any reasonable construction of a will rather than hold that the testator intended to die intestate as to any of his property. (*Welch* v. *Caldwell*, 226 Ill. 488.) Every word of the will is presumed to have been placed there for some purpose and will be given effect in arriving at the intention of the testator. None can be arbitrarily rejected as meaningless or surplusage. *Winter* v. *Dibble*, 251 Ill. 200.

It appears that the trial court relied, in construing the will and entering the decree, upon the reasoning of this court in *Minkler* v. *Simons*, 172 Ill. 323. In that case it was held, where the testator devised property to several of his children as tenants in common and subsequently revoked the devise as to one without disposing of the share revoked, that such share did not pass to the other devisees but descended as intestate property. That decision would only be controlling in this case if it appeared, from reading the codicil and will together, that after revoking the one-third share that was to go to Joseph Robins and his children no disposition was made as to said share. Can it be told from the will and codicil where the testator intended said share to go? What did he mean by that provision of the codicil which states, "This codicil is intended to change my will only so far as the children of Joseph Robins are concerned. The balance of my estate to be divided as directed in the aforesaid will?" Counsel for appellant contend that this provision of the codicil should be construed

as if it read: "This codicil is intended to change my will only so far as the children of Joseph Robins are concerned. The balance of all my estate to be divided as directed in the aforesaid will, among the children of Edward and Fitzjames Robins." There is force in this contention. In drafting the codicil there was a failure to employ apt language to express the intention of the testator, but the defect in the language was simply a verbal omission, and being so, the true meaning of the clause may be implied in order to reach the obvious intent of the testator as gathered from the entire context of the will and codicil. (*Olcott* v. *Tope,* 213 Ill. 124; *Young* v. *Harkleroad,* 166 id. 318.) While a devise by implication cannot rest upon conjecture, it is not required that the inference should be absolutely irresistible. It is enough if the circumstances, taken together, leave no doubt as to the intention of the testator. (*Connor* v. *Gardner,* 230 Ill. 258.) By sections 4, 5 and 6 of the will the testator divided the residue of his personal property among the children of his three brothers, and by sections 7 and 8 he divided his real estate here in question into three shares among the children of his three brothers, provided that if Joseph Robins was living one of the three shares should go to him. By the codicil he revoked the provisions of the will as to the shares that should be left to the children of his brother Joseph Robins, leaving them $2000 instead of the shares mentioned under the fourth and seventh provisions of the will.

It is apparent from the reading of the will and codicil that when the will was drawn the testator did not know whether his brother Joseph was living or dead, or, at least, did not know whether Joseph would be living when he (the testator) should die; that when the codicil was drawn he knew Joseph was not living but did not know who said Joseph's children were, and therefore directed that $2000 should be placed in a bank for them. The purpose of the codicil was to make a definite provision for said Joseph's

children and dispose of the legacy to them without complicating the remainder of the estate. Manifestly, it would be contrary to the testator's intent to hold that a portion of the estate over and above said $2000 must still go to the children of his brother Joseph. From the codicil and will together it seems clear that the testator intended to dispose of all of his estate, leaving all that part disposed of by said sections 4, 5, 6, 7 and 8 of the will (except said $2000) to the children of his two brothers, Edward Robins and Fitzjames Robins, and their respective descendants.

The decree of the circuit court will therefore be reversed and the cause remanded to that court to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*