MARK E. GUERIN et al. Appellants, vs. M. HENRY GUERIN
et al. Appellees.

*Opinion filed October 27, 1915—Rehearing denied Dec. 9, 1915.*

1. PRACTICE—*participation in trial waives right to insist that cause was not at issue.* Complainants in a bill to construe a will, by participating in the trial of the cause and until its conclusion, waive their right to file replications to the answer and to insist that the cause was not at issue.

2. SAME—*when chancellor may hear cause on bill and answer.* Where a bill to construe a will creating a trust sets out the will *in hæc verba* the chancellor may construe the will on the bill and answers without proof, as proof *aliunde* could not legally be heard to amplify, limit, enlarge or explain the will, and if the complainants offer no evidence they waive the point that the court should have heard evidence.

3. SAME—*when proposed amendments to bill are properly rejected.* Proposed amendments to a bill to construe a will are properly rejected where their substance is recited in the will itself and are not matters which are proper for consideration in construing the will and where they are offered so late in the proceedings that it was within the discretion of the chancellor to reject them.

4. WILLS—*when provision does not violate rule against perpetuities.* A provision in a will that the trust created thereby shall terminate at a certain time, except that the estate devised to a named daughter "shall always remain in trust," means in trust for the life of said daughter and does not violate the rule against perpetuities, which has reference only to the time within which the title shall vest.

5. SAME—*when will provides for disposition of corpus as well as income of estate.* Where the testator devises his property to trustees, "to dispose of the estate and the income thereof as follows," directs the payment of annuities to his wife and one daughter, directs the distribution of the remaining net income in certain portions to his other children, and provides that at the death of the annuitants the trust shall terminate and the estate be distributed, the *corpus* of the estate will be regarded as given to the distributees of the net income, excluding the two annuitants, in equal portions, even though they are given unequal portions of the net income, there being nothing in the will requiring an unequal division of the *corpus.*

6. SAME—*when rule that a devise of income is a devise of the corpus will not be applied.* The rule that a devise of rents, profits

or income is a devise of the *corpus* of the estate will not be applied where its effect will be to defeat the testator's intention.

7. SAME—*it is presumed that the testator intended by his will to dispose of all his property.* It is presumed that the testator intended by his will to dispose of all his property and not to die intestate as to any of it; and this presumption is strengthened by a statement of the testator in the will that the will was made for the purpose of disposing of his estate and the income thereof.

8. SAME—*when provision for trustees' reports and compensation is not invalid.* A provision in a will that the trustees named shall make annual reports to the court and receive reasonable compensation for their services is not invalid upon the ground that no court has jurisdiction to act in the matter, as courts of general chancery jurisdiction may receive and pass upon the reports and determine the question of compensation.

9. SAME—*when solicitors' fees should be allowed to be paid by the estate.* Where a will is so ambiguous or uncertain as to require construction, the costs and expenses of the proceeding, including reasonable fees for the solicitors, should be paid by the estate, even though the will is construed adversely to the contentions of the complainant.

10. SAME—*when final decree should be entered without an order of dismissal.* Where the court takes jurisdiction of a bill to construe a will creating a trust and construes the will so as to determine the rights of the parties, a final decree should be entered in accordance with such findings without an order dismissing the bill.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

FERDINAND GOSS, and THOMAS E. ROONEY, (MARK E. GUERIN, of counsel,) for appellants.

HAMLIN & TOPLIFF, and GUERIN & BARRETT, (LOUIS M. GREELEY, and M. HENRY GUERIN, of counsel,) for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The bill in this case was filed on the equity side of the circuit court of Cook county by Mark E. Guerin and his wife, Addie W. Guerin, for the construction of the last

will of Dr. John Guerin, deceased, father of said Mark E.
Guerin. Said John Guerin died January 2, 1913, testate,
survived by his widow, Margaret W. Guerin, three sons,
M. Henry Guerin, Mark E. Guerin and James Guerin, and
Gertrude G. Drum and Mary J. Guerin, his two daughters,
being his only heirs-at-law. The testator's widow is a
second wife and the sons and daughters are all children of
a deceased first wife. The widow and all of the children
other than said complainants in the bill were made par-
ties defendant, as were the executor and trustees under the
will and also the respective wives of M. Henry Guerin and
James Guerin. Mary J. Guerin is a religieuse of the Order
of the Sacred Heart. She filed an answer to the bill, in
which she declined to take any part in the litigation con-
cerning her father's estate, and in this court maintains that
attitude. The widow renounced the provisions of the will
and elected to take under the statute, and she therefore has
also no interest in the estate to be affected by the will or
the litigation. The sons M. Henry Guerin and James Gue-
rin, and the daughter Gertrude G. Drum, demurred to the
bill, and succeeded in having eliminated therefrom, through
the filing of an amended bill, certain paragraphs which in-
formed the court that much, if not all, of the estate de-
vised had come to Dr. Guerin by the will of his first wife,
the mother of his children, and that his will was made and
should be construed in consideration thereof and of a cer-
tain letter left by the first wife suggesting the ultimate dis-
position of the estate. Answers were filed to the amended
bill, both by the heirs defendant and by the executor and
trustees, containing averments concerning the family of the
decedent, consisting of the ages of his children and their
wives, when they were married, and the number of chil-
dren, if any, each had. Exceptions to such averments were
overruled. After the hearing and before entry of the final
decree complainants offered and asked leave to amend the
amended bill by re-introducing the matter which had been

270 — 16

eliminated, as aforesaid. The refusal of the court to permit such amendment is one of the assignments for error on this appeal.

The cause was heard by the chancellor on the bill and answers, no evidence being taken, and a decree was rendered construing the will. The chancellor found and decreed that upon the death of the testator the legal title to his estate vested in the trustees for the purposes mentioned, for the use and benefit of the beneficiaries named in the will; that an equitable one-seventh of the net income from the estate, after paying annuities and other charges, vested in Mark E. Guerin, and two-sevenths each in M. Henry Guerin, James Guerin and Gertrude Guerin Drum, and that in the same proportions the equitable title to the *corpus* of the estate vested in the same devisees, to be divided among them upon the death of the last surviving annuitant. The decree further found that none of the provisions of the will violates the rule against perpetuities and that none of the gifts or devises are void or illegal; that the words in the devise to the daughter Gertrude, "with this exception, that the estate devised to my daughter Gertrude shall always remain in trust," if given any effect, would affect the title to said two-sevenths of the income and the *corpus* of the estate; that only the trustees and Gertrude Drum had any interest in the determination of that question, and neither the pleadings nor the interests of the parties called for its decision. The decree further found that clause 6 was not invalid, and that a court of chancery had jurisdiction to pass upon, approve or disapprove the accounts of the trustees and determine their reasonable compensation. The decree dismissed the amended bill for want of equity, and complainants have appealed.

By the will the whole estate is devised and bequeathed to M. Henry Guerin, James Guerin and Thomas B. Brougham, trustees, in trust, with authority to manage, sell, en-

cumber, convey and otherwise dispose of the items thereof and "to dispose of the estate and the income," as follows:

"*First*—They shall pay out of the income of my estate, half-yearly, to my dearly beloved wife during her life, the sum of two thousand dollars ($2000) per annum, which said sum of $2000 shall be a first charge on my estate, taking precedence of all other devises and bequests. This bequest, however, is to be in lieu of any dower claim of my said wife against the estate of which I die seized. The bulk of my estate was devised to me by Mary Jackson Guerin, my deceased first wife, and for this reason I have always considered that a trust was imposed by her on me to manage the same for the interests and benefit of the children of my deceased wife and myself, therefore I do not make a larger provision for my present wife, who has long been aware of the facts and circumstances as above set forth by me, inasmuch as she has property of not less than $25,000 in value in her own right.

"*Second*—To my daughter Madame Mary Guerin, who is a religieuse and member of the Order of the Sacred Heart, located at Menlo Park, near San Francisco, California, I give and bequeath the sum of six hundred dollars ($600) per annum, to be paid to her annually out of the income of my estate.

"*Third*—The balance of the net annual income of my estate after payment of all expenses shall be distributed as follows: To my son Mark E. Guerin one-seventh, and to my sons M. Henry Guerin and James Guerin each two-sevenths, and to my daughter Gertrude Guerin Drum two-sevenths, of the balance of my estate.

"*Fourth*—I suggest to my trustees that such property as may be vacant and unproductive be sold as soon as the conditions of real estate market presents a favorable opportunity, but that all productive property paying a fair income be held for at least five years after my death.

*"Fifth*—This trust shall terminate upon the death of my wife and daughter Madame Mary Guerin, and upon the decease of the last survivor of the two the trust estate shall be distributed, with this exception: that the estate devised to my daughter Gertrude shall always remain in trust.

*"Sixth*—I desire that my son M. Henry Guerin shall act as sole executor of my estate, without bond, and I likewise direct that each of my trustees aforesaid shall not be required to give bond, but direct that they shall make annual reports to the court and shall receive reasonable compensation for their services, to be approved by the court."

The errors assigned upon this record are, in substance, in addition to the one mentioned above, as follows: Error in hearing the cause without replication being filed to the several answers to the bill; in hearing the cause upon bill and answer, without proofs; in the construction of the will; in refusing to allow solicitors' fees on the motion of the appellants; in overruling exceptions to certain of the answers; in dismissing the bill for want of equity.

By their active participation in the trial of the cause and until its conclusion, we are of opinion the appellants waived their right to file replications or to afterwards insist the cause was not at issue. *Jones* v. *Neely,* 72 Ill. 449; *Marple* v. *Scott,* 41 id. 50; *Chambers* v. *Rowe,* 36 id. 171.

Proof *aliunde* could not legally have been heard to amplify, limit, enlarge or explain the will, and as the bill set out the will *in hæc verba* it was competent and proper for the court to pass upon and construe it, that being the purpose for which the bill was filed. Appellants offered no evidence and thereby waived the point. It is too late to raise it here. *Jones* v. *Neely, supra; Chambers* v. *Rowe, supra.*

The amendments offered to the amended bill were properly rejected by the court for three reasons: First, they were not proper for consideration in the construction of John Guerin's will, the will of his deceased wife not being permitted to influence the opinion or judgment of the court

in the construction of his will, the meaning of which can only be determined by the language found therein; second, the amendments were offered after trial, argument and the announcement of the court's findings, or, at all events, so late in the proceedings that it was within the discretion of the court to reject them; third, their substance is recited in the will itself. The matters excepted to in the answers related to family history, showing which of the children were married and which single, with their respective ages and number of children of those married, and showing appellants were childless. These may have been immaterial matters in a bill to construe a will, but we are unable to see that they could, or did, improperly affect the decree in its construction of the will.

Appellants insist that whatever disposition of the *corpus* of the estate was intended by the testator, it is void for uncertainty in failing to declare to whom or in what proportions it was to be distributed, and that the entire *corpus* descended as intestate estate. Another contention of appellants is, that as to the interest of Gertrude Drum the direction that her portion of the estate shall always remain in trust violates the rule against perpetuities, and that such being an integral part of the plan of the testator for the distribution of his estate, if it fails the whole plan fails. Appellees contend that the *corpus* of the estate is disposed of by the third clause of the will, and that the construction given that instrument by the decree is correct.

We do not think the share of Gertrude Drum can be considered within the rule against perpetuities. "The rule against perpetuities has reference to the time within which the title vests and has nothing to do with the postponement of the enjoyment or the duration of the title." (*Mettler* v. *Warner,* 243 Ill. 600.) The direction that the share devised the daughter Gertrude "shall always remain in trust" did not defeat the vesting of the title in her. To say the testator meant his daughter Gertrude's share was to con-

tinue to be held in trust perpetually and without limit as to time would be doing violence to the evident intention of the testator. The language could mean nothing more than that as to said daughter's share of the estate it should continue to be held in trust for her benefit as long as she lived. The vesting of the title was not affected, but her title was to continue to be held subject to the trust, during her life. It would be absurd to say the testator intended the trust should continue after his daughter's death. He was violating no rule of law in continuing her devise subject to the trust after the death of the annuitants, at which time he directed that the trust as to the shares of the other devisees should terminate.

We think the testator expressed the manner in which he wanted to dispose of his estate as well as the income from it. In the first part of his will he devised his estate to trustees, "to dispose of the estate and the income thereof, as follows." Immediately following, by the clause numbered "First," he directed that out of the income of his estate the trustees pay his widow an annuity of $2000, which was in lieu of all other rights or claims in the testator's estate. By the second clause he directed the payment, out of his estate, to his daughter Mary an annuity of $600. By the third clause he directed that the balance of the net annual income be distributed, to Mark E. Guerin one-seventh, M. Henry Guerin two-sevenths, James Guerin two-sevenths and Gertrude Guerin Drum two-sevenths, "of the balance of my estate." The fifth clause provided that at the death of the last surviving annuitant the trust shall terminate and the estate be distributed, except that the estate devised to the daughter Gertrude "shall always remain in trust."

Importance is attached by appellees to the concluding words in the paragraph of the first part of the will, that the trustees were "to dispose of the estate and income thereof, as follows," preceding the first, second and third clauses, in

which the persons are designated to whom the income is to be distributed and the proportion each is to receive. It is contended that language indicates the *corpus* was to be distributed to the same persons and in the same proportion as the income; that the gift of the *corpus* was made, not by the fifth clause but by the third clause of the will, and that the words "two-sevenths of the balance of my estate," following the gift of income · to the daughter Gertrude in clause 3, expressed the testator's intention to give her and each of the three sons not alone the portion of the income designated, but the *corpus* of the estate in the proportions mentioned.

After devising his estate to trustees, the testator, in defining their powers and duties, directed them to dispose of "the estate and the income thereof" in the manner specified in the succeeding clauses of his will. The language used indicates he had in mind one distribution of the income and another of the *corpus*. If he did not, why use the words "estate" and "income?" The rule that in construing wills the intention of the testator is to be ascertained and given effect unless it violates some rule of law is too familiar to require the citation of authority. In ascertaining the intention of the testator the language of the will and every word of it will be scrutinized, and, if possible, given force. (*Eyer* v. *Williamson,* 256 Ill. 540; *Winter* v. *Dibble,* 251 id. 200; *Reid* v. *Voorhees,* 216 id. 236; *Olcott* v. *Tope,* 213 id. 124.) The language that the trustees were to dispose of "the estate and income," as follows, meant that the trustees were to look to the following provisions of the will for the disposition made of each. In the part of the will immediately following that language, which is the first clause, the testator directs that part of the income from his estate be used to pay an annuity to his widow. By clause 2, immediately following, he directs the payment, out of the income, of an annuity to a daughter, and by clause 3 he directs that "the balance of the net annual income of my

estate" be distributed to his sons, to Mark E. Guerin one-seventh, to M. Henry Guerin and James Guerin each two-sevenths, "and to my daughter Gertrude Guerin Drum two-sevenths of the balance of my estate." It seems clear that in the use of the words "balance of my estate," following the two-sevenths directed to be paid his daughter Gertrude, the testator intended and meant income and not *corpus.* The first three clauses show his intention to have been to dispose by them of the income of his estate and not the estate. Every provision preceding that for the daughter Gertrude, in the third clause, deals only with the income from the estate. The gift to the three sons is specifically limited to income, and by no construction authorized to be made of the language used in the gift to the daughter Gertrude can it be held that the testator intended by the third clause to dispose of his estate to the persons and in the proportions therein named.

It is further contended the third clause was a devise of rents and profits or income, and was therefore a devise of the *corpus.* As we construe the will that rule is not applicable. While the rule contended for has been applied in some cases and may be permitted where it gives effect to the intention of the testator, its application is not permissible where its effect would be to defeat the intention. As we construe this will, the only disposition of the *corpus* of the estate was made by the fifth clause, which directs that at the death of the last surviving annuitant the trustees shall distribute the trust estate. This distribution can only be to the distributees named in the will, who are all children of the testator, in equal proportions, as there is no authority in the will for its distribution in unequal proportions, such as there was of the income. Clearly, therefore, if it was the intention of the testator that the four distributees, all his children, should share equally in his estate at the expiration of the trust, he did not intend in the previous clauses to dispose of anything but the income. Giving

the will the construction we do is not creating a devise by implication. The presumption is that one who makes a will does so for the purpose of disposing of all his property and does not intend to die intestate as to any of it. In this case that presumption is strengthened by the statement of the testator, in substance, in the beginning of his will, that it was made for the purpose of disposing of his estate and the income thereof. To whom could the trustees distribute the estate except to the persons named in the will? There was a clear direction and authority to distribute the *corpus* of the estate in the fifth clause, and no previous or subsequent clause designated the proportions of the distribution. There being no doubt as to whom the distribution was to be made, although it is not expressly stated what the share of each of the distributees shall be, if, considering the whole will, there is no doubt as to the intention of the testator as to the share each should take, that intention will be given effect. (*Connor* v. *Gardner,* 230 Ill. 258.) The distributees are all the children of the testator except the daughter Mary, who was to be paid an annuity for life. As the *corpus* of the estate could not be distributed until after her death, it is clear she was not intended to be, and could not be, one of the distributees at the termination of the trust. It is doing no violence to the language of the will to say that the testator meant and intended the distribution should be made to the four children, Mark E., M. Henry, James Guerin and Gertrude Guerin Drum, in equal shares, for if he had not so intended we must assume he would have said so and would have given directions as to what share should be given each of the distributees. As we construe the will, when the trust is terminated the estate is to be distributed by the trustees to the four children of the testator in equal shares.

Appellants contend the provision in the sixth clause of the will requiring the persons named as trustees to make annual reports to the court and receive reasonable compen-

sation for their services, to be approved by the court, is invalid, no court having jurisdiction to receive such reports or fix such compensation, and that said provision being an integral part of the whole testamentary plan, its invalidity destroys the plan. We do not agree with this contention, and hold the courts of general chancery jurisdiction have ample power and authority to receive and pass upon the reports provided to be made by the sixth clause of the will and to fix and determine the compensation to which the trustees shall, from time to time, be entitled.

Appellants' further contention is, it was error in the trial court to refuse to allow and order paid out of the funds of the estate the reasonable fees of the solicitors for appellants, and to dismiss the bill for want of equity after determining and establishing the rights of the parties by a construction of the will, even though the will was construed adversely to the construction sought by the bill and amended bill. In both of these contentions the position of appellants is correct. It was alleged in the bill that doubt, uncertainty and controversy had arisen concerning the correct legal construction of the will and the rights in the estate of the parties interested, and the prayer was that the will be construed and that the rights of the parties and the status of the persons named in the will as trustees be determined. Without opposition from the adverse parties in interest, and apparently with their full concurrence, the court did hear and determine the rights of the parties and the status of the persons named as trustees. It is the settled law of this State that where a will is so ambiguous or uncertain as to require construction, the costs and expenses of the proceeding to construe, including reasonable fees for complainant's solicitors, should be taxed against and paid by the estate.

The case of *Ingraham* v. *Ingraham*, 169 Ill. 432, was one brought to construe a will, and, though the court below construed the will adversely to the contention of the complainant, an allowance was made as fees to the solicitor for

complainant, and in passing upon that case this court said: "In view of the ruling of this court in *Woman's Union Missionary Society* v. *Mead,* 131 Ill. 338, we do not regard the allowance of the fee as erroneous. The bill, as amended, asked for a construction of the fourteenth clause. There is sufficient ambiguity about the language of the testator to justify an application to a court of equity for a construction of the clause in question. It is a general rule that when the testator has expressed his intention so ambiguously as to create a difficulty, which makes it necessary to go into a court of chancery to. get a construction of the will and to remove the difficulty, the costs of litigation must be borne by the estate, and the general residue is the primary fund for the payment of such costs."

In *Kendall* v. *Taylor,* 245 Ill. 617, the court say, on page 621: "Counsel for appellants further insist that the trial court erred in taxing the solicitor's fees of appellees' counsel as costs. It is admitted that the fees are reasonable for the work performed but it is argued that appellees should personally pay these fees. The general rule is, that when the testator has expressed his intention in his will so ambiguously as to make it necessary to go into a court of chancery to get a construction of the will in order to determine which of two or more adverse claims to the same fund or property is valid, the costs of the litigation should be borne by the fund or property in question." See, also, *Board of Administration* v. *Stead,* 259 Ill. 194, and *Dean* v. *Northern Trust Co.* 266 id. 205.

Having found it advisable and necessary, under the allegations of the amended bill, to take jurisdiction and construe the will so as to determine the status and rights of the parties, we hold the final decree should have been made and entered without the order of dismissal. The court should also have allowed the reasonable fees of the solicitors and ordered the payment thereof, together with the taxable costs, from the funds of the estate.

The decree of the circuit court of Cook county is reversed and the cause will be remanded to that court, with directions to enter a decree construing the will of Dr. John Guerin as herein indicated, and to determine and fix the reasonable fees for solicitors and order the payment thereof, together with the costs, out of the assets of the estate.

*Reversed and remanded, with directions.*