(No. 23087.

ROGER E. CHAPIN, Exr., Appellee, *vs.* THE TREASURER OF THE STATE OF ILLINOIS *et al.* Appellants.

*Opinion filed October 24, 1935—Rehearing denied Dec. 5, 1935.*

OTTO KERNER, Attorney General, and STEVENS & HERNDON, (TRUMAN A. SNELL, and ELMER NAFZIGER, of counsel,) for appellants.

ROGER E. CHAPIN, and CATRON & HOFFMANN, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal brings to this court for review an order of the probate court of Sangamon county overruling a motion of the trustee to dismiss a petition of the executor under the last will of Robert F. Brown, deceased, to sell certain real estate in order to pay legacies provided for in the will. The will appointed Roger E. Chapin, appellee, (hereafter called plaintiff,) as executor. It also created a trust for the benefit of the State of Illinois and named G. Lewis Lloyd as trustee to administer the trust. The sole question in controversy is whether certain land described in a codicil to the will should be sold to pay legacies or vest in the trustee for the benefit of the people of the State. Both the beneficiary and trustee appear as appellants and are denominated defendants.

The proceeding in the probate court being one to sell real estate a direct appeal to review will lie. `(Lynn v.

*Lynn,* 160 Ill. 307.) The State being a party the appeal lies to the Supreme Court. The question being one involving a construction of the will, together with the intention of the testator, we are limited in our consideration to what we find within the four corners of the document.

At the outset it appears that the deceased left no wife, children or parents, so that consideration of those human tendencies which often motivate the mind of one about to make final disposition of his estate is lacking. Facts which form the basis upon which courts, in arriving at the question of intention, favor a construction that in general conforms to a natural human impulse are entirely lacking. The will names as beneficiaries a number of persons, including cousins, and then provides for such other collateral heirs as may be later discovered or make themselves known.

The testator, Brown, was a resident of the city of Springfield, and the will was executed on the 30th day of June, 1925. By clause 2 of the will he devised certain farm lands to Lloyd, as trustee, with the proviso that the trustee should permit Charles Ford and his wife to have complete control of said property for twenty years after the day of the testator's death, Ford and his wife, as tenants, to receive the income and profits from the property, pay taxes and report to the trustee each year, and at the end of the twenty years the trustee to sell the property, together with the improvements, and the proceeds after the sale to be paid to the Treasurer of the State of Illinois as the gift of the testator to the people of said State. Clause 3 of the will was a devise of farm property to the trustee in trust and under provisions similar to those contained in clause 2, the tenants of the property described under clause 3 being Claude G. Brown and his wife. Clause 4 wills and bequeaths to Lloyd, as trustee, the interest of the testator in a partnership existing between himself and one Claude Brown. Clause 5 devised to Lloyd, as trustee, certain property located in the county of Sanga-

mon, to be held in trust. It was a condition that Lee Jarrett, and Millie Jarrett, his sister, should have control over said parcel of real estate and receive the rents and income therefrom for the space of twenty years and report to the trustee from time to time. At the expiration of twenty years the trustee was to sell the property and the proceeds paid by the trustee to the Treasurer of the State of Illinois as the gift of the testator to the people of said State. Clause 6 made provisions for bequests to certain enumerated individuals, the total cash amount of which was $25,000. Clause 7 provides for bequests to certain enumerated individuals amounting to $4000. Clause 8 provides for bequests of $2000 each to certain named cousins designated as his nearest blood relatives. Clause 9, which is the residuary clause, provides that after the payment of all inheritance taxes, court costs and other charges, the residue and remainder of the testator's property, real, personal and mixed, should go to Lloyd, as trustee, for the benefit of the Treasurer of the State of Illinois, as the gift of the testator to the people of said State. This clause also contained a provision to the effect that after the probate of the will, and within four years thereof, the trustee should sell and dispose of the property, pay the costs and charges of the trusteeship and turn over the balance remaining to the Treasurer of the State for the benefit of the people of the State. Clause 10 provides for the appointment of a successor in trust in case of the death of Lloyd or his unwillingness to act as trustee. Clause 11 nominates Chapin, the plaintiff in this action, as executor of his will.

December 26, 1930, the testator executed a codicil to his will. The third clause of the codicil states that whereas, since the execution of the will, the testator had purchased 183 acres of land whereon Bert Sanders was the tenant, and, showing himself to be worthy, it was the desire of the testator that if at the time of the probate of the will Sanders was still tenant, that he be allowed to remain as such

for a period of at least five years, provided he lives up to all reasonable requirements as such tenant. Said clause 3 also provided that at the expiration of the five years it was the will of the testator that said land be sold by the trustee named in the original will and the proceeds held in trust as therein provided.

The petition of the plaintiff filed in the probate court shows that after the payment of costs, taxes and other charges there were not sufficient funds in the estate to pay the legacies in full. The bulk of the estate not expressly granted to the trustee consists of shares of corporate stock which evidently had depreciated in value. The fact that the personal property, together with two small tracts of land which came into the hands of the executor for the payment of legacies, is insufficient is not disputed. The contention arises over the construction of the codicil. The plaintiff contends that the farm land, consisting of 183 acres described in the codicil, constituted part of the general estate and therefore subject to sale by the plaintiff, as executor, for the benefit of the payment of expenses and with the right to apply the balance to the payment of legacies. The defendant, on the other hand, insists that a reading of the codicil in connection with the will shows a clear intention on the part of the testator to convey this property to the trustee in trust for the benefit of the State of Illinois.

The plaintiff in support of his position directs our attention to the fact that the codicil does not expressly convey the property in question to the trustee and that the only source of title in the trustee is by reason of the residuary clause; that if the source of title in the trustee is by reason of the residuary clause, he takes it subject to the right of the executor to first exhaust the other property in his estate to the payment of legacies but with the contingent right to sell in the event the other property in the estate is insufficient to carry out the requirements of

the will as to the legacies; that a reading of the entire will, together with the codicil, indicates that the trustee could sell within the four-year period but not after the five years provided; that this last provision indicated that it was the intention of the testator to create a situation which would permit the trustee to sell without saddling the purchaser with an unexpired leasehold term; that the words "hold in trust," in the codicil, meant only that the trustee could sell if the property was not necessary to pay the debts.

Counsel cite *Simonsen* v. *Hutchinson*, 231 Ill. 508, in support of the proposition that there being no specific devise of this particular land it became subject to sale to pay charges and legacies. It is also pointed out that where the residue of the estate is left in mass, the residue became a charge on real estate as well as personal property. (*Williams* v. *Williams*, 189 Ill. 500.) As a general proposition it may be stated that legacies are payable out of the personal property of the estate and are not charges against real estate unless made so by will. (*Haynes* v. *McDonald*, 252 Ill. 236; *Alderman* v. *Dystrup*, 293 id. 504.) With this rule in mind it becomes important to consider the codicil, together with the will, for the purpose of ascertaining the intention of the testator with regard to the particular piece of property described in the codicil. In this connection it is important to bear in mind the rule in arriving at the intention of the testator. Every word of the will is supposed to have some significance and should be considered in arriving at a determination as to the intention of the testator. (*Eyer* v. *Williamson*, 256 Ill. 540; *Heitzig* v. *Goetten*, 347 id. 619.) The entire plan of the will, together with the facts surrounding the testator at the time of its execution, is to be considered. *Sartain* v. *Davis*, 323 Ill. 269.

A reading of the will discloses two significant facts: First, the testator had left no heirs or blood relatives

nearer than cousins, and he appears to have been uncertain as to the number or names of these; and second, running through the will there appears to be a well-defined class, which might be termed as tenants, for whom he had a high regard and evidently a sincere attachment. By the codicil a newly discovered tenant appears, whom, evidently, the testator intended to include within this latter class. It also appears throughout the will that the testator had an unusual attachment for the State which had offered him the opportunity to live and prosper. It is the State that appears to be the principal beneficiary and the one which the testator evidently considered as most worthy of his bounty. The provision in the codicil to the effect that the land therein described should be sold by his trustee and the proceeds held in trust as provided by the will would have been unnecessary if the testator had intended it to become part of the residuary estate. If no such words had been used it would have followed, naturally, that the executor would have taken it by reason of the residuary clause if nothing was said as to its disposition in the codicil. It being real estate, it would not have been subjected to payment of debts and legacies until the personal property had been exhausted. The statement that it was to be sold by the trustee and the proceeds held in trust indicates clearly that it was to be taken out of the residuary clause and placed in trust in the same manner as the other properties in the tenant class. There is no force in the proposition advanced by the plaintiff that it could be sold in the four-year period. By the language of the codicil it was provided that the tenant was to remain upon the property for a period of at least five years. This would indicate that he could remain longer as a tenant if the trustee so desired. This 183 acres was after-acquired property, and when it was indicated that at the sale the proceeds were to be held for the benefit of the State it would appear to be an intention of the testator to carve out another unit in•

tended for trust purposes. The words "hold in trust" have a well-defined meaning. We can see no force in the argument that these words meant only that it should be held in trust if not necessary to pay debts. If such had been the intention it was unnecessary to say anything, as the property would otherwise have become a part of the residuary estate if not called upon to satisfy the terms of the will, and it would necessarily follow, as a matter of course, that it could have been sold by the executor and not by the trustee.

Giving force to all the words used in the codicil when construed as part of the will itself, together with the attendant circumstances which appear therefrom, we must necessarily come to the conclusion that it was the intention of the testator that this property described in the codicil should be and become part of the trust estate for the benefit of the State, to be administered by the trustee.

The order of the probate court of Sangamon county is reversed and the cause remanded, with directions to dismiss the petition as to the 183-acre tract described in the codicil of December 26, 1930.

*Reversed and remanded, with directions.*